## PARK COUNTY V. JEFFERSON COUNTY.

12  585
2a  511

1. SPECIFIC DENIAL OF FACTS — TRIAL TO THE COURT — REVIEW.—
    Where a case is tried to the court upon an issue raised by a specific
    denial of the answer of all the material facts alleged in the com-
    plaint, the finding of the court will not be disturbed unless it is
    manifestly against the weight of the evidence.
2. CARE OF PAUPERS — REFUSAL OF COUNTY TO PAY FOR CARE OF —
    CONSTRUCTION OF STATUTES.— Under the statutes of this state, if
    a pauper receives help from a county other than that of his resi-
    dence, the county taking care of him may sue for and recover
    compensation therefor from the county to which he belongs, with-
    out appealing from the disallowance of the account by the board
    of county commissioners of the latter county to the district court
    thereof, as provided for by one of the statutory provisions relating
    to the subject. The statutory remedies are not inconsistent, and
    in case of refusal of a county to pay for the care of a pauper either
    course may be pursued.

*Error to District Court of Jefferson County.*

THIS action was commenced by the board of county
commissioners of Jefferson county against the board of
county commissioners of Park county to recover moneys
expended in the care and burial of a pauper resident of
Park county, one George Cornett.

After a specific denial of the averments in the com-
plaint, the defendant interposed a second defense to the
effect that the claim sued for had been presented to the
board of county commissioners of Park county at the reg-
ular October session, 1883, and that the consideration
was postponed until the January session, 1884, when the
Park county commissioners disallowed it; that no ap-
peal was taken from the order of disallowance.

To the second defense a demurrer was interposed, on
the ground that it did not state facts sufficient to con-
stitute a defense to the plaintiff's complaint. The de-
murrer was sustained. Defendant elected to stand upon
this defense, and duly excepted to the ruling of the court
sustaining the demurrer. The cause was tried to the

court without a jury. All of the evidence offered was on the part of plaintiffs, and was to the effect that said George Cornett commenced work at a saw-mill in Park county, December 1, 1882, and continued to work there until the 12th day of April, 1883, when he was injured, and, at his own request, was taken to Morrison, Jefferson county. That he was a man without means, in destitute circumstances, without relatives in the state of Colorado; and that his injury was such as to necessitate the amputation of his limb, and that it was impossible for him to be moved; that he ultimately died of the injury.

On the evidence offered, the court found the issue for the plaintiff, and rendered judgment for $473, to which finding defendant excepted and brings error.

Messrs. BAILEY & WILKIN, for plaintiff in error.

Mr. JOSEPH MANN, for defendant in error.

RICHMOND, C. On the part of plaintiff in error there are two propositions presented for our consideration: *First.* Were the facts, as established by the evidence at the trial of the cause upon the specific denial, sufficient to warrant judgment for plaintiff? *Second.* This claim having been submitted to the board of county commissioners of Park county and disallowed, and no appeal having been taken, can the plaintiff maintain an action against defendant to recover the sum?

As to the first proposition, we think it comes under the rule laid down by this court in *Dickson v. Moffat,* 5 Colo. 114: " When a trial is to the court, the finding will not be disturbed unless manifestly against the weight of the evidence."

In support of the second proposition our attention is invited to section 538, page 257, and section 547, page 260, of the General Statutes. The first section provides for the examination and settlement of accounts, receipts

and expenses of the county. The last section provides that claims against the county may be presented to the board of county commissioners, and, if disallowed in whole or in part, claimant may appeal from the decision of the board to the district court. The second defense to which demurrer was interposed is predicated upon these sections; and it is asserted that under the provisions of the statute, the claim having been presented to the Park county commissioners and disallowed, it was obligatory upon the defendant in error to appeal, and that their failure to do so within the time specified by the statute deprived them of any right of action for the demand. In support of the right to maintain this action, defendant in error calls attention to the General Statutes concerning paupers (p. 754, §§ 5–8), but, for the purpose of this opinion, it is only necessary to recite section 7: "If said pauper, by reason of sickness or disease, or by neglect of the county commissioners to which said county he or she belongs, or for any other sufficient cause, cannot be removed, then the county taking charge of such individual or individuals may sue for and recover from the county to which said individual or individuals belong, in any proper action, before any court having competent jurisdiction, the amount expended for, and on behalf of, such pauper or paupers, and in taking care of the same."

While it may be true, as claimed by appellants, that there is a seeming conflict as to remedies between the sections above referred to, we think none exists, as the last section refers to a special class of claims and to particular corporations who may sue and be sued. In other words, the right is given to institute suit to recover, by one county against another, for moneys expended in the care of a certain class of individuals, under certain circumstances. The mere fact of presenting the claim should not, in our judgment, deprive the county of the right of action especially provided for claims of this nature. The claim is not of the character required to be

presented to the board in the first instance; and, because the claimant chose to give the board an opportunity to allow and pay it without suit, should it thereby lose its right to commence and prosecute action upon it in a court of competent jurisdiction? Comity required that this should be done. There is nothing in the nature of either of these remedies antagonistic to the other; both, therefore, can exist at the same time. *Murphy v. Commissioners,* 14 Minn. 69 (Gil. 51); *County of Grundy v. Hughes,* 8 Ill. App. 41.

We are of opinion that there was no error in sustaining the demurrer to the second defense, and that the evidence justified the findings of the court. The judgment should be affirmed.

REED and PATTISON, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

.          *Affirmed.*