School District No. 3 v. Hale.

15  367
2a  511
15  367
e20a 147

1. Discharge of School Teachers — Right of Action.— A public school teacher engaged for a specific term, who is discharged without cause, need not allege or prove, as a condition precedent to a recovery of his salary for the whole term, a compliance with General Statutes, section 3077, providing that any person aggrieved by the decision of a board of directors may appeal within thirty days to the county superintendent.

2. An Illegal Rule Adopted by Board of Directors.— A rule in the teacher's hand-book to the effect that the tenure of office of all teachers, regardless of contract, should be at the pleasure of the board, was of no value as a defense to an action on the contract.

*Appeal from Boulder County Court.*

This action was brought by James R. Hale against School District No. 3, to recover $402.50, as the balance due him

upon his employment from the 1st of September, 1886, to the 27th of May, 1887, as a teacher in the public schools of that district.

His complaint sufficiently set forth the contract of hiring, and his performance, until he was wrongfully discharged in the month of November. It was made to appear that on Sunday, the 28th day of November, at 2 in the afternoon, he was asked to tender his resignation as a teacher. By the same notice he was requested to come before the board, at half-past 7 of that day, at the residence of one of the directors. He went, and was again requested to resign. With this request he declined to comply; and thereupon, without further action, and without a hearing, or any other notice, the board assumed to discharge him, and subsequently refused to pay him anything except for the work which he had already performed.

The complaint contained all the allegations essential to enable the plaintiff to introduce the proof necessary to his recovery, providing it be unnecessary for him to either allege or prove an appeal by him from the action of the board of directors to the county superintendent, under section 3077 of the General Statutes. The defendant demurred, for failure to make this allegation. The demurrer having been overruled, an answer was filed which set up no defense other than the failure to take the appeal. The record shows that testimony was introduced by the plaintiff in support of his complaint, and that thereupon, the school district refusing to offer testimony, the court rendered judgment for Mr. Hale for the amount claimed. From this judgment the school district appeals.

Messrs. Thomas R. Owen, and Charles M. Campbell, of Boulder, for appellant.

Messrs. Richard H. Whiteley and Richard H. Whiteley, Jr., for appellee.

Bissell, C. Upon sufficient proof of the contract, its breach and the damages sustained, the plaintiff was entitled

to recover unless the statute has established a condition precedent, with which the plaintiff must show a compliance to entitle him to a judgment in a court of competent jurisdiction. That the plaintiff made ample proof of whatever facts were necessary to entitle him to a judgment, other than proof of an appeal taken, must be presumed.. The evidence upon which the judgment was rendered is not before this court, either in the abstract or in the record, and the court rendering the judgment being one with jurisdiction of both person and subject-matter, it will be presumed that it proceeded regularly and upon sufficient evidence. There is thus remaining for determination the naked question whether the statute has imposed upon the plaintiff a duty in a case of this description which he has failed to discharge. In the statute relating to schools the board of directors is given full power to do whatever may be necessary for the due and regular management of the schools of their district. This in terms includes the hiring and discharge of teachers. This power, however, must always be exercised in obedience to the general principles of law governing contracts of this class, unless there be some specific restriction in the statute which prevents their application.

There is nothing whatever in the statute which gives the board the right to make a contract for a specific term, at a specified price, which shall not be subject to the legal consequences of a breach. The power of employment and discharge is not in terms beyond the control of the general law. It was always true that where a contract of hiring was entered into between two parties for a fixed period, at a definite price, the employee could not escape liability for a discharge without cause. If the contract was broken by the employer, a cause of action at once arose in favor of the one discharged, who might, upon the expiration of the period of hiring, recover the damages resulting from the breach. Ordinarily these are measured by the amount of the stipulated wages, though the recovery is always subject to mitigation by proof either of earnings or their possibility.

*Reduction Co. v. Cook*, 7 Colo. 569; 2 Pars. Cont. (6th ed.), pp. 33, 34, and notes.

The case, as made by the plaintiff, comes clearly within this well-established rule. He was hired for so many months at $70 per month, and discharged, as shown by the record, without cause, and he brought this suit upon the expiration of the term of his employment for the wages unpaid and due from the day of discharge to the end of his term.

The appellant does not seriously controvert this well-established rule, nor offer any evidence to reduce the damages, but asserts, as a defense, the provision of the statute, that any person aggrieved by the decision of a district board of directors may, within thirty days from the rendition of the decision, or the making of the order, appeal to the county superintendent. Gen. St. § 3077.

It is contended that this section, *ex vigore*, ousted the courts of jurisdiction to hear and determine controversies of this character. This is not believed to be the law. In the absence of an imperative necessity, it should never be held that a tribunal which is incompetent to afford relief to the suitors, and which is regulated and restrained by none of the rules and methods of procedure essential to a satisfactory investigation, nor by those legal principles which are supposed to enter into and form a part of every contract, can oust the courts of the country of the jurisdiction and powers conferred upon them by the statutes and constitution. Our whole judicial system is at variance with the idea that, in the absence of specific, mandatory, legislative restrictions, the courts may not be appealed to, to determine the rights of contract between citizens, or between citizens and corporate bodies which the statutes have created. It might easily be conceded that there are certain classes of questions of which the board might well be given exclusive jurisdiction, and where the sole remedy in case of defeat would be by taking the appeal provided for by statute. In this case it is unnecessary to either define or limit that class of cases. The one under considera-

tion is one which relates to a contract of hire, and where the only remedy of any benefit to the plaintiff must be had in tribunals clothed with power to enforce their own judgments and decrees. By section 3084 of the statute, the right to render or enforce judgments for money, which is the only effective judgment possible in this case, is expressly withheld from the board, the county superintendent, and the state board of education. In connection with section 3077 is found a similar provision for an appeal from the county superintendent to the state board. To decide in this case that the teacher who has been discharged must first appeal to the county superintendent before he can sue would render it necessary to hold that, being defeated there, he must appeal to the state board before he has the right to resort to the courts. This is to require of the plaintiff to take two useless, ineffectual, and expensive steps before he resorts to the only tribunal which can afford him relief. It certainly could never have been the intention of the legislature to confer upon boards, or superintendents, exclusive authority to decide questions, and then withhold from them the power to enforce the judgments which they might render. That the plaintiff had a right to appeal, and take a chance of reinstatement without resorting to the courts, there can be no question. That he was compelled to withhold his application to the courts of the country for relief from an unauthorized breach of contract cannot be maintained.

No other defense of much importance was interposed by the school district. It set up a rule alleged to have been contained in the teacher's hand-book which substantially provided that the tenure of office of all teachers, regardless of contract, should be at the pleasure of the board. Neither the rule nor its plea was of any value as a defense. It was utterly impossible for the board to make or publish any rule of that description which should be of the slightest force as to any contract of employment, for a definite period at a fixed rate, into which the board might enter. The rule

is in direct contravention of a specific statutory provision. Section 3055 definitely enacts that no teacher shall be dismissed except on good cause shown. The entire action of the board in the premises was in complete disregard of the common law and statutory rights of the teacher. According to the answer the action was not based upon any well-defined and stated grounds of complaint. No cause of action was alleged. There was a like want of proof of anything which would justify what was done. There was no attempt to establish a "good cause," nor was an opportunity given to defend against what was asserted. There was a like want of that investigation which should always precede the breach of a contract. The course taken amply illustrates the inequitable nature of the rule, and furnishes cogent reasons for declaring it to be wholly inoperative, and to confer no power on the board to take the course which they pursued. If the board saw fit to make a contract like that sued on, they would be bound by its terms, regardless of any rule which they might promulgate or adopt for their own guidance, or the guidance of the teachers. If they desired the rule to be of any value, they should make their contracts in terms conform to it, and let them run during their pleasure, and not for a specific period.

The judgment should be affirmed.

RICHMOND and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment is affirmed.

*Affirmed.*