Bissell, J.,
delivered the opinion of the court.
■ During the year 1889 James T. Locke, the defendant in error, performed the duties of water commissioner for Water district No. 12, which comprised parts of the counties of Park, El Paso, Custer and Fremont. Subsequently, he pre *509 sented a claim to the board of county commissioners of Park county for $97.50, being one fourth of the total sum which he was entitled to charge for the performance of his duties. The board disallowed it. Locke brought this action against the county, and recovered a judgment for the amount claimed. The performance of the work was not disputed. The county relied wholly upon two defenses set up in their answer. These were adjudged insufficient on demurrer. What they were will be fully disclosed in the discussion of the errors assigned.
The first contention is that the complaint does not state facts which constitute a cause of action. It would not sub-serve a useful purpose to set it out in extenso and demonstrate by a particular reference to its allegations its sufficiency to support the judgment rendered. It is very inártifieially drawn, and lacks allegations which ought to have been inserted to make it a perfect statement of the plaintiff’s cause of action. It was probably vulnerable to a demurrer under the last clause of section 50 of the Code. It was ambiguous and uncertain. Had it been attacked in this manner or by a motion to make it more definite and certain, the plaintiff would have been forced to amend or he could not have gone safely to trial. But there is enough to uphold the judgment. To make such an objection available in an appellate tribunal after a trial and judgment, there must be a substantially complete failure to state the facts which make up the plaintiff’s cause of action. This case does not come within the rule. A cause is stated, inartistically without doubt, but substantially, and sufficiently, when aided by a verdict, to dispose of this objection.
The county set up that the services rendered were performed about the sources of the water supply and outside of the limits of Park county. It was then insisted that since the act provided that each county should pay its pro rata share of the wages, the recovery must be limited to the sum which the proof showed was the value of what was done within the boundaries of Park county. The whole trouble *510 arose from the change in the phraseology of the statute by the amendments to the act of 1885 in the Session Laws of 1889, page 470. Prior to the amendatory act of 1889, no question could have arisen as to the obligation of Park county to pay the one fourth of whatever the commissioner was entitled to charge, because by the terms of that act each county was bound to allow to the commissioner an equal part of his compensation. The act of 1889 provided that each board of county commissioners should pay the water commissioner its pro rata share of his wages. It is insisted that this change in the phraseology has furnished a different basis upon which the compensation must be computed with reference to the liabilities of the counties. ISTo such necessary result follows from this change. The amendment related particularly to the time which the water commissioners were entitled to devote to their labors, and the compensation which they might receive. The amendatory act likewise largely concerned the power of the commissioner to appoint assistants, the regulation of their wages, and imposed upon the water commissioner the duty of devoting his entire time to the performance of the functions of his office. Since the act principally and largely concerned other matters than the simple distribution of the liability of the different counties to pay for what was done, it violates no rule of statutory construction to hold that there was no manifest intention on the part of the legislature to alter the method of ascertaining the extent of this obligation. The inconvenience and uncertainty attending any other mode of computation than the simple division of the sum total which the commissioner receives by the number of counties comprising his water district, and the failure of the legislature to provide any other scheme, in terms or by necessary implication, leads to the conclusion that the responsibility of the counties was entirely unaltered by the amendment.
The only other proposition seriously argued by counsel, and the one concerning which there might under some circumstances be grave differences of opinion, relates to the right *511 of the officer to bring an action directly against the county after his claim has been disallowed by the board of county commissioners. On this proposition there is in the cases considerable contrariety of adjudication. The differences, however, mainly arise from the phraseology of the statutes regulating these matters. On the general question there seems to be hut little disagreement. It is almost universally conceded that courts of justice are the proper tribunals for the final adjudication of controversies, whether between citizens, or between citizens and corporate bodies. The intention must he evident to deprive the citizen of hfs ordinary right to resort to the courts. Wherever there is anything in the statutes which justifies a different conclusion, the courts of this state have never hesitated to hold that a remedy is not exclusive if it divests the citizen of his right to bring his action in the usual manner. Park County v. Jefferson County, 12 Colo. 585; School District No. 3 v. Hale, 15 Colo. 367.
It is provided by section 547 of the General Statutes of 1883 that, whenever any claim shall be disallowed by the hoard of county commissioners, the person aggrieved may appeal from the decision of the board to the district court of the county by taking the steps designated by that statute. It is claimed that this section provides an exclusive remedy, and in the interests of that governmental body deprives a party of any right to maintain an action on the claim thus in a manner adjudicated. The force of the argument in favor of this proposition is very largely destroyed by the amendatory act of 1887, page 240. Section 546 of the General Statutes of 1883 was entirely superseded by a very voluminous section covering many matters not included in the original section thus numbered in the chapter. It commences: “ All claims and demands held by any person against a county shall be presented for audit and allowance to the board of. county commissioners of the proper county in due form of law before an action in any court shall be maintainable thereon. * * * ” This section is immediately followed by sec *512 tion 547 which provides for the right of appeal to the district court of the county. When the two sections are thus read together it is manifest that there would be no significance to the limitation contained in section 546, if the construction contended for was given to the language of the one following. Under the general scheme provided for the county government and for the management of its affairs, the boards of county commissioners are clothed with authority to settle and adjust all claims, and to pay by warrant such as majr be allowed. Those which may be disallowed are necessarily subject to1 litigation of some sort as between the parties. Obviously it would rarely happen that a right of action would exist in favor of a creditor prior to the presentation of his account to the county officers for allowance and settlement. If it had been the intention of the legislature by the language of section 547 to exclude any remedy to the claimant other than the right of appeal, and the amendatory act of 1887 had reference only to that very small class of cases where a right of action would exist prior to the presentation of the account to the county officials, the legislature would doubtless have broadly provided that all claims against a county must be presented to the board of county commissioners for allowance and settlement, and that no action at law with respect to any such matters should ever be brought against the county. Such would be the inevitable result of a construction holding that the right of appeal was the only remedy open to one whose account or claim against a county had been disallowed. There is such evident inconsistency in the phraseology of the two sections, if the word “ may ” is held to mean “must,” that we are not justified in holding the remedy by appeal to be exclusive. It is rather a concurrent remedy, and the party aggrieved has a right to pursue it, or in a proper case to bring his action at law or in equity, as he may be advised.
The record discloses no errors necessitating a reversal of the judgment in this case, and it*will accordingly he affirmed.

Affirmed.