SCHOOL DISTRICT No. 26, HUERFANO COUNTY, APPEL-
LANT, v. McCOMB, APPELLEE.

1. PRACTICE.

When the instrument sued on is set out *in hœc verba* in the complaint,
its due execution is admitted, unless the answer denying the same
be verified.

2. EVIDENCE.

Evidence of a fact admitted by the pleadings is irrelevant and immate-
rial.

3. SCHOOL LAW.

A teacher cannot be dismissed from employment in the public schools
without due notice and upon good cause shown.

SAME.

When a teacher has been dismissed from employment and an action is
brought against the district to recover damages therefor, it can
justify by showing such cause only for the dismissal as has been
ascertained and acted upon in the manner prescribed by statute.

*Appeal from the District Court of Huerfano County.*

This action was brought by Mrs. P. Q. McComb against
school district No. 26, Huerfano county, Colorado, to recover
on account of being discharged and prevented from performing
her duties as a teacher under a written contract dated Octo-
ber 15, 1888, whereby she was employed to teach school for
district No. 26 in Huerfano county for the period of six
months, at $45 per month. She entered upon the duties of
such teacher on the 15th day of October, 1888, and taught
two months and a half, for which she was paid the sum of
$112.50. On the 21st day of December, 1888, the board
mailed her a letter demanding her resignation. On the 22d
she answered, positively refusing to resign, and asking for the
board to prefer charges in writing and inform her of time of
hearing. The board declined to prefer charges, but on the
24th day of December, 1888, notified her that the board had
employed another teacher. On the 2d day of January she
attempted to resume and was not permitted to do so. Upon

the trial below it appeared that plaintiff was unable to obtain employment elsewhere during the term for which she was engaged. Plaintiff recovered judgment for $152.50. The board brings the case here for review.

Mr. D. McCASKILL, for appellant.

Mr. R. A. QUILLIAN, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

The appellant's contention is that the contract sued on is not valid and binding upon the school district, because it is not shown that it was made, or authorized to be made, and signed by the directors, while in session as a board.

This objection was not available to the appellant. The contract is set out *in hæc verba* in the complaint, and the answer denying its execution is not verified. Its due execution is thereby admitted. "When an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and due execution of such instrument is deemed admitted, unless the answer denying the same be verified." Code of 1887, p. 113, § 62.

Nor is the effect of this admission changed or affected by the fact that the counsel of appellee tried the case below on the theory that the execution of the contract was an open question. It being unnecessary under the pleadings to introduce the contract in evidence to support appellee's cause of action, it is immaterial whether it was admitted without sufficient preliminary proof that the manner of its execution was in every respect formal and legal, or not; all the evidence introduced for that purpose, as well as evidence of verbal statements of the individual directors as to the employment of appellee, was irrelevant and outside of any issue in the case, and could in no way prejudice appellant's rights before the jury.

The validity of the contract for the purposes of this case being thus admitted, the only remaining question is, did the court err in refusing to permit appellant to introduce evidence to show a justification for the dismissal of appellee?

The statute expressly provides (Gen. Stats., p. 898, § 3055) that, " No teacher shall be dismissed without due notice, and upon good cause shown." It is not claimed that the directors complied, or attempted to comply, with this provision, but it appears from the facts in evidence that they summarily and without notice or hearing dismissed appellee from her employment; therefore, whatever the actual grounds for such dismissal were, if any, they could not be shown as a justification of their conduct in this action, unless ascertained and acted upon in the manner prescribed by the statute.

We find no error that could prejudice appellant's rights in the rulings of the court upon the admission or rejection of evidence on the trial of the cause, and as the evidence admitted clearly sustains the verdict of the jury, the judgment of the court below is affirmed.

*Affirmed.*