[No. 6468.]

## School District No. 2, in Fremont County, v. Shuck.

1. **Pleadings — Fraud** — Fraud in procuring a teacher's cer-tificate is not to be pleaded generally. The particular acts or representations constituting the fraud must be set out.—(530)

2. **Schools — Discharge of Teacher** — The discharge of a teacher during the term of his employment can only be upon good cause shown, after a specific charge, and opportunity be heard thereon before the school board.—(531)

Rumors affecting the teacher's moral conduct called to the teacher's attention, and which, without any specific charge made, he is called upon to clear up, is not good cause shown. —(531)

3. ——Teacher's Certificate — Revocation — The school district board have no power to revoke a certificate which they have granted, authorizing a teacher to follow his calling in that district.—(532)

4. Trial—Waiving Defenses—The defendant may, upon the trial, effectually waive, by mere words, a defense asserted in his answer.—(532)

5. ——Judgment by Default — Where the defendant waives the only defense contained in his answer, or where the complaint is verified and the answer is not, the plaintiff, the damages being liquidated, is entitled to judgment without the production of evidence.—(532)

*Error to Fremont District Court*—Hon. MORTON S. BAILEY, Judge.

Suit by a school teacher against a school district to recover damages for an alleged breach of contract of employment. Plaintiff alleges that defendant, a district of the first class, employed him as principal of its high school at Florence for one year from May 31st, 1905, to May 31st, 1906, at $1,200.00; that he was duly licensed by its board of directors, and taught until February 14th, 1906, when said board notified him it had revoked his certificate the previous day, and he was prohibited from teaching without a license; that he had no notice or opportunity to be heard.

The answer has five separate defenses. The first denies all allegations not admitted; admits he was employed as claimed. The second and third defenses plead fraud in procuring said certificate and making said contract, in that plaintiff represented his moral character was good when it was bad, which deceived the board. The fourth alleges rumors in the neighborhood that plaintiff's moral character was bad; that members of the board made personal in-

quiries and reported to the board there was some foundation for such rumors. Whereupon the board gave plaintiff thirty days leave of absence with instructions to clear said matter up. That having failed to do so, the board revoked his certificate. The fifth defense alleges that plaintiff seeks to recover for the months of April, May and June, when he was without a certificate after February 18th. General demurrers were sustained to the second, third, fourth and fifth defenses, and defendant elected to stand upon its answers.

At the trial, said certificate, contract and a notice were put in evidence as follows:

### "Teacher's Contract.

"This Agreement, made and entered into this 10th day of May, A. D. 1905, by and between School District No. 2, Fremont County, Colorado, acting by and through its Board of Directors, duly authorized, party of the first part, and Prof. M. E. Shuck, party of the second part, witnesseth:

"The said Prof. M. E. Shuck promises and agrees faithfully and diligently and with his best professional skill to fill the position, and discharge the duties of Principal of the High School of School District No. 2, of Fremont County, Colorado, for the period of one year, being from May 31, 1905, until May 31, 1906, conducting said High School during the school months of said term, (or during such period as the course of study, or the Board of Directors may require,) for the sum of Twelve Hundred ($1200) dollars, payable in monthly installments of One Hundred ($100) dollars each.

"In consideration, of which services as Principal of said High School as aforesaid, to which said position the said Prof. M. E. Shuck is hereby employed,

the said School District No. 2 promises and agrees to pay to the said Prof. M. E. Shuck the full sum of Twelve Hundred ($1200) dollars in monthly install-ments of One Hundred ($100) dollars each; said term to begin May 31, 1905, to continue to May 31st, 1906; said monthly installments of $100 each to be paid at the usual time of each month, adopted by the said Board of Directors, for the payment of teachers.

"Witness the hands and seals of the respective parties hereto, said School District by its Board of Directors in regular meeting duly assembled, signed by the President thereof, the day and year first above written.

        "School District No. Two,
           "M. E. Lewis,      (Seal)
             "Pres. of Board of Directors.
        "M. E. Shuck."

     "Florence Public Schools
  "District No. 2, Fremont County, Colo.
       "Teacher's City Certificate
"No. 59

"M. E. Shuck, having furnished satisfactory evi-dence of a good moral character, scholarship and ex-perience, is entitled to a certificate of the High School class, first grade, and is hereby licensed to teach in the city schools of District No. 2, Florence, Colorado, for the term of 36 months from date.

        "Board of Education,
          "W. L. Morris, President
          "Frank A. Moore, Secretary
          "M. E. Lewis
          "F. R. Moore
          "Greeley Draper

"Date, December 5, 1904.

      "Alfred Durfee, Superintendent.

"This license is in force only during term of active and continuous employment in schools."

  (34)

"FLORENCE HIGH SCHOOL,
  *M. E. Shuck, Principal*

                              "Florence, Colo., 2-14, 1906.
"Board of Ed., Dist. No. 2,
     "Florence, Colo.

"Since I hold the action of the Board in passing resolutions to revoke my certificate without just cause having been shown, to be illegal, I shall hold myself in readiness to fulfill my contract with District No. 2, and shall hold the District for their part of the contract.

                         "M. E. SHUCK,
                              "Principal High School."

Mr. LEE CHAMPION and Mr. JOSEPH D. BLOUNT for plaintiff in error.

Mr. A. L. JEFFREY and Mr. EDWARD H. STINEMEYER for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

There are only two questions in the case: First, were the demurrers properly sustained; second, is the judgment right. Both must be answered in the affirmative. The second and third defenses plead fraud in procuring said certificate and contract, in that plaintiff represented himself a man of good moral character, whereas his character was bad. Fraud cannot be pleaded this way generally. The acts or things constituting fraud must be set out. Saying one's character is bad, is the pleader's conclusion. His acts, or things he does which make it bad, must be pleaded. Others might form different conclusions. The pleader has no right to make himself the judge of another's character and deprive the court of the facts upon which he bases his conclusion. The third defense states rumors circulating

in the neighborhood that plaintiff was an immoral man, which was injurious to and demoralizing said school; that some of the Board, not in an official capacity, but personally, inquired around and found there was some basis for the talk; whereupon the Board gave plaintiff thirty days leave of absence and directed him to clear it up, which he did not do. So the Board revoked his certificate and notified him he no longer had authority to teach; in other words, took this way of discharging him. All of said action was taken *ex parte*, with no charges preferred, no notice to the plaintiff and no opportunity to appear and be heard before the board. This is no defense. The statute provides a teacher can only be discharged upon good cause shown. Neighborhood talk and rumors, report to the board by individual members upon personal investigation that there was some foundation for the talk, without specific charge made against the teacher with notice and opportunity to refute said charge before the board, acting officially, is not good cause shown. While we do not mean there must be formal pleadings and a trial before the board with the rules and formalities of court procedure; still we think that good cause shown, means specific accusation, notice, evidence of the charge before the board in its official capacity, and an opportunity to the teacher to be heard and refute the charge. The fifth defense pleads in effect that plaintiff was trying to recover for his April, May and June wages after his certificate had been revoked by the board. This is no defense. That is what plaintiff pleaded and about which he was complaining. It is neither a denial nor a plea in confession and avoidance. If the defendant had pleaded that at the time of making said contract, plaintiff held a certificate, but before the expiration of his year, to wit: February 18th, 1906, it expired by limitation and he

failed to procure another, the plea would have been good in this case.

This action was on a written contract for the recovery of liquidated damages and the court could have entered a default judgment without reversible error for two reasons: first, defendant's counsel during the trial stated to the court that he relied wholly upon his demurrers and gave the court to understand that he did not care for the issue or traverse raised by the first defense, did not rely upon that. The effect of his action was to abandon or waive in open court, during the trial, his first defense. He should now be held to his statement during the trial. When counsel elected to stand upon his answers and waived his first defense, plaintiff was entitled to a default judgment upon his complaint, without evidence. The complaint was confessed, the damages were liquidated and no evidence was necessary. In the second place, the complaint was verified, the answer was not. If the plaintiff had moved to strike it from the files for want of verification, and judgment on the pleadings, it would not have been error to have sustained the motion. The court would probably have been reluctant in doing so, but it would not have been error in this case as it stood. Judgment by default without evidence, would have accomplished the same result. It is immaterial, therefore, in the result reached, whether the evidence proved all the allegations of the complaint. Plaintiff was entitled to a judgment without evidence. If he imperfectly did an unnecessary thing by introducing evidence, it did not destroy his right to a judgment.

The statute gives county superintendents power to revoke certificates they have issued, but school boards have no such power. The distinction in apparent. A county superintendent's certificate is for

the whole county, whereas, a board's is confined to the one school district. The teacher can teach upon it in no other district. There is no need of giving the board power to cancel it. If there is good cause for removal of the teacher, it is an easy matter. The proper way is not for the board summarily to revoke his certificate, but to discharge him upon good cause shown, following the statute.

The judgment is affirmed.        *Affirmed*.

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE MUS-SER concur.