## No. 11,211.

SCHOOL DISTRICT NO. 25, WELD COUNTY *v.* YOUBERG.

Decided April 6, 1925.

Action by school teacher for salary. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. SCHOOLS—*Discharged Teacher—Salary.* In an action by a discharged teacher for salary, the record being entirely devoid of specific accusations, notice, opportunity of the teacher to be heard, or evidence before the school board in its official capacity, she was discharged, without cause shown, as provided by section 8435, C. L. '21, and entitled to salary for the balance of the term of her contract.

*Error to the District Court of Weld County, Hon. Neil F. Graham, Judge.*

Mr. WALDO RIFFENBURG, for plaintiff in error.

Mr. WILLIAM R. KELLY, Mr. CLAY R. APPLE, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial

court and are hereinafter referred to as there. Plaintiff was discharged from her position as school teacher and obtained judgment for salary for the remainder of the term. To review that judgment defendant brings error and asks that the writ be made a supersedeas.

Plaintiff, then Lydia Ramey, was employed by defendant for a school year of nine months. She began work September 3, married Mr. Youberg December 4, and was discharged December 21. Defendant says she neglected to supervise the playground, failed to superintend and assist in serving lunches to the pupils, neglected her schoolroom duties, or performed them unsatisfactorily, permitted her courtship and marriage to interfere with her teaching efficiency, and ignored the social activities of the community. These things plaintiff denies. Moreover, she asserts that no charges were filed against her, no notice given her, no hearing had, and no good cause shown for her discharge. The only real question submitted to the jury was the character of her contract. The pleadings joined issue thereon, but the evidence was not conflicting. The jury was instructed that there was no charge, notice, hearing, or proof of "good cause", as required by law. The correctness of that instruction is the only question requiring consideration here.

"No teacher shall be dismissed without good cause shown." Section 8435, C. L. 1921.

"Neighborhood talk and rumors, report to the board by individual members upon personal investigation that there was some foundation for the talk, without specific charge made against the teacher with notice and opportunity to refute said charge before the board, acting officially, is not good cause shown. While we do not mean there must be formal pleadings and a trial before the board with the rules and formalities of court procedure; still we think that good cause shown, means specific accusation, notice, evidence of the charge before the board in its official capacity, and an opportunity to the teacher to be heard and re-

fute the charge." *School District v. Shuck*, 49 Colo. 526, 531, 113 Pac. 511.

The record in the instant case discloses some complaints by patrons of the school to individual members of the board, and some complaints by pupils to their parents. These the board members had discussed with the plaintiff in an effort to "see if they could be adjusted." The president testified, "I had no way to investigate, other than to ask the school children, which I did." The secretary testified that she talked with plaintiff "previous to the Thanksgiving holidays," and informed her "from the authority of our president, if things weren't remedied, we could dispense with her services." Two members of the board called on plaintiff at 10 p. m. December 21, and asked for her resignation. She replied that she would "think it over." She was told the board "couldn't wait for her to think it over" and that "she needn't return after the holidays." The secretary further testified, "We had decided at a meeting of the board previous to this to ask for her resignation, and if her resignation should not be forthcoming to discharge her." If the board held any meeting in its official capacity at which there was even a pretense of an ex parte hearing no evidence thereof was offered. No record of the board, or other writings of any kind, were introduced, save a post card advising plaintiff that her application for the place had been accepted. All members of the board testified, but no one of them could fix the date of any official meeting at which plaintiff's discharge had been considered. Most of the complaints were, in fact, either so indefinite or immaterial as to form no reasonable basis for the cancellation of plaintiff's contract. A fourteen year old school girl testified that plaintiff once threw a book across the room. Others "told how much time she spent reading to them." It was said she told a pupil to "shut up." Mr. Youberg's car was seen parked in front of her place of residence late at night. It was rumored he called upon her frequently. The secretary thought her courtship and marriage "was the cause of her

poor work." She failed to attend a party in the community, contrary to expectations, and her absence was considered an affront to the patrons. The record is entirely devoid of anything which can properly be termed "specific accusations," "notice," "opportunity to the teacher to be heard and refute the charge," or "evidence before the board in its official capacity." What might have developed on such accusation, notice and evidence, we have no means of knowing. Other counsel represented defendant most capably in the trial court and its cause has been presented here with skill and earnestness, but it evidently sought legal guidance too late. Its defense was without foundation.

The instruction complained of was correct. Plaintiff's motion for a directed verdict might properly have been sustained.

The supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS concur.