## No. 11,929.

SCHOOL DISTRICT NO. 1, JEFFERSON COUNTY *v.* PARKER.

Decided October 3, 1927.    Rehearing denied October 24, 1927.

Action by school teacher for breach of contract of employment. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.    SCHOOLS—*Teachers—Dismissal.*    One under contract to teach in the public schools of Colorado may not be dismissed without good cause shown, which includes specific charges, notice and hearing.

2.    *Teacher's Contract.*    A contract to teach in the public schools differs from the ordinary contract in that the public has an interest in it, and in not having it capriciously interfered with by either party.

3.    *Teacher's Contract—Dismissal.*    Time held not to have been of the essence of a teacher's contract, and refusal of the school board to allow her to perform the duties required by her employment, a dismissal.

4.    *Teachers—Dismissal.*    Failure of a teacher to report for duty under her contract at the beginning of the school year, and other matters bearing upon her failure to do so, would be for the consideration

of the school board upon a proper hearing, but in the absence of such a hearing they could not, in an action for breach of the contract, be urged as a justification of dismissal.

5.    *Teachers—Dismissal.* However much a teacher may have offended, she can only be dismissed in the manner provided by law.

*Error to the District Court of Jefferson County, Hon. Samuel W. Johnson, Judge.*

Mr. WILLIAM L. BOATRIGHT, Mr. RALPH L. CARR, for plaintiff in error.

Mr. JOEL E. STONE, for defendant in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

VIRGINIA Parker, a school teacher, obtained judgment against School District No. 1 of Jefferson county for breach of contract of employment. The latter applies to have the writ of error sued out by it made a supersedeas. The parties join in requesting a final decision at this time.

The amended complaint alleges the making of the contract of employment; that the defendant refused to allow the plaintiff to perform her duties and carry out the terms and conditions of the contract; that the defendant wrongfully dismissed the plaintiff without good cause shown and without notice, trial or hearing; and that plaintiff has been damaged in the sum of $1,370. The answer admits the making of the contract; denies the other averments; and alleges that the plaintiff failed, refused and neglected to be present at Golden on September 6, in readiness to enter on her duties under the contract, and still fails, refuses and neglects to enter on her duties in pursuance of said contract; that she has not offered, and still refuses to offer, to carry out the terms

of the contract; that on September 6, the defendant was ready and willing to carry out the terms of the contract; and that the breach of the contract by the plaintiff rendered that contract null and void. In her replication, the plaintiff denies these allegations. The trial court found for the plaintiff, and gave her judgment.

There is no substantial conflict in the evidence. On April 28, 1926, the plaintiff, who for five successive years had taught in the district, was again employed. The contract was in writing. By its terms, the plaintiff was employed for the school year, her duties to commence in September, 1926. It was understood, though it was not stated in the written contract, that school was to commence on the 6th of that month. On May 20, the plaintiff left with the school board a written notice that her summer address would be Oak Creek, Colorado. Thereafter she went to Europe. On September 2, the district superintendent of schools received a letter dated August 19, 1926, written in Stratford-on-Avon, in which the plaintiff stated that her mother and aunt felt that she should spend one week in London and another week in Paris before returning home, and asked the board to grant her a month's leave of absence. On September 6, the school term opened, and there was a teachers' meeting, notice of which had been mailed to the plaintiff. She failed to appear, and, acting under instructions given by the board, the superintendent sent her a notice that the leave of absence could not be allowed and that her place would be filled by some one else. The plaintiff, on September 19, arrived at Kansas City, Missouri, where she learned through her mother of the action of the board. On September 20, she wrote to the president of the board, acknowledging receipt of the information and remonstrating against the board's action. She arrived at Golden, Colorado, on September 28, and went to a member of the faculty and reported for duty, and was told that it was useless. She then telephoned to the president of the board, who told her that it was too late,

and stated that the board had felt that she did not take her work seriously. Another teacher was employed in her place, and on October 16, the plaintiff brought this suit.

1. Section 8435, C. L., provides: "No teacher shall be dismissed without good cause shown." The contract provides: "No teacher shall be dismissed without good cause shown, which includes a hearing." There was no hearing of any charge against the plaintiff; no notice to her that there would be a hearing; in fact, no charge against her was ever made. Even if there were no such provision in the contract, the statute itself affords ample protection to the teacher. *School District v. Shuck,* 49 Colo. 526, 113 Pac. 511; *School District v. Youberg,* 77 Colo. 202, 235 Pac. 351.

Construing this section of the statute, we said in the Shuck case, supra, at page 531: "While we do not mean there must be formal pleadings and a trial before the board with the rules and formalities of court procedure, still we think that good cause shown, means specific accusation, notice, evidence of the charge before the board in its official capacity, and an opportunity to the teacher to be heard and refute the charge."

The defendant contends that these provisions of the statute and the contract do not apply in the present case; that as the plaintiff had not actually entered upon the performance of her duties as teacher, a refusal by the defendant to permit her to do so cannot be said to be a dismissal within the meaning of the statute and the contract; that the employment was not to begin until September 6; and that there cannot be a dismissal from an employment that has no existence. This is not stated in the exact words of the defendant's counsel, but is a fair statement of the point made by them. We do not concur in this view. The defendant admits that if the plaintiff had actually entered upon the performance of her duties, and had performed them for only one day, a refusal by the defendant to permit her to continue would· be a dis-

missal. In order successfully to carry on the work of the schools, it is necessary for the school board to select and employ teachers in advance of the opening of the school in the fall, and for the teachers to know in advance where they are to teach during the coming year. Contracts of employment, therefore, are made several weeks —sometimes, as in the present case, several months— in advance. By that contract the school district, through its board, hires the teacher, and the teacher enters the employ of the district. The employment exists, though the performance of the duties is to commence in the future. The status of the parties becomes fixed upon the making of the contract. The contract is binding upon both parties. But the contract differs from a mere private contract in this, that the public has an interest in it, and in not having it capriciously interfered with by either party. To prevent such interference, two statutes were passed. Section 8454, C. L., provides: ''If a school teacher enters into a contract with a board of directors of a school district to teach in said district for a prescribed number of months and afterwards fails or refuses to fulfill such contract without receiving a release from the district school board, or without giving to said school board at least thirty days' notice of intention to cancel such contract, such failure or refusal to complete such contract, or give such notice, shall cause said teacher to forfeit his or her license to teach in any public school in the state of Colorado during the period covered by said contract. * * *''

The other law (section 8435, C. L.) contains the provision, already quoted, forbidding the dismissal of the teacher without good cause shown. Though the former protects the school district, and the latter protects the teacher, both are for the benefit of the public. If, after entering into the employment of the school district, the teacher refuses to fulfill the contract in the circumstances stated in the former section, she forfeits her license to teach during the period covered by the contract. It mat-

ters not whether her refusal is before or after she enters upon the performance of her duties. In return for this, after the contract is made, the teacher, by the latter section, is protected against a dismissal except in the manner provided in that section, as construed in the Shuck case, supra.

The defendant claims that there was no dismissal of the plaintiff; that she failed to report for duty at the appointed time, September 6; that time is of the essence of the contract; and that such failure on her part released the defendant from all obligation under the contract. In view of the well-known practice of employing substitute teachers, and in view of all the circumstances disclosed by the record, we cannot agree with the contention that time was of the essence of the contract. At most, the plaintiff's delay in reporting for duty afforded a ground for making a charge against the plaintiff, to be heard by the school board in the manner already explained. The plaintiff's mere delay in reporting for duty did not give the defendant the right to rescind the contract, or to treat it as rescinded or abandoned by the plaintiff. The refusal by the defendant to allow the plaintiff to perform the duties required by her employment amounted to her dismissal from such employment.

3. It is said that the plaintiff's failure to report for duty at the appointed time was without good excuse; that her testimony to the effect that on August 1, through her aunt, she put in a requisition with the steamship company for return passage, and expected every day to receive it, but that she did not receive it until September 11, must be taken in connection with the fact that her letter of August 19, requesting a leave of absence, makes no mention of any delay in receiving her return passage; and that in any event, her being in Europe was purely voluntary, and that she ought to have made timely arrangements for her return. These matters, and all other matters bearing upon the plaintiff's failure to report earlier for duty, were for consideration by the board upon

a hearing. In the absence of such hearing, upon notice to the plaintiff, they cannot be urged in this action as a justification of the dismissal. *School District v. Mc-Comb*, 18 Colo. 240, 32 Pac. 424.

We do not wish to be understood as saying that the conduct of the plaintiff, as disclosed by the record, would not constitute sufficient ground for the filing of a charge against her, and for her dismissal, if, upon a hearing by the board after due notice to her, a more satisfactory excuse should not be presented by her. What we do say is that, however much a teacher may offend, she can be dismissed only in the manner provided by law.

The trial court properly held that the plaintiff was wrongfully dismissed, and that she is entitled to recover damages of the defendant.

The judgment is affirmed.

Mr. JUSTICE DENISON, sitting for Mr. CHIEF JUSTICE BURKE, Mr. JUSTICE ADAMS and Mr. JUSTICE CAMPBELL concur.