594

No. 16,954.

DUGAN v. SCHOOL DISTRICT NO. 1, IN
ARAPAHOE COUNTY ET AL.
(265 P. [2d] 998)

Decided January 18, 1954.

Mr. CARL CLINE, Mr. ALEX STEPHEN KELLER, for plaintiff in error. Mr. JOHN T. DUGAN, of counsel.

Mr. RICHARD H. SIMON, for defendants in error.

Messrs. LEE, BRYANS, KELLY & STANISFIELD, amici curiae.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

IN the trial court plaintiff in error was plaintiff and defendants in error were defendants; we will refer to the parties as they there appeared.

Plaintiff, a school teacher, holding a Colorado Teachers' Life Certificate, was originally employed as a teacher by defendant school district in July, 1944, and began her duties in September of that year. Thereafter she served the district as a permanent teacher under appropriate contracts until the end of the school year 1949-1950. In each of these contracts it was provided: "This contract automatically renews itself if not terminated. Notice of termination and salary change for the ensuing year will be given by March 20th." Plaintiff served as a teacher for six full years in what is admittedly a school district of the first class.

On March 17, 1950 notice was sent by the secretary of the defendant school district advising plaintiff that her contract was terminated at the end of the current school year, to wit August 30, 1950. The registered letter addressed to plaintiff, which contained this notice, was not received by her until March 22, 1950. There is evidence in the record that the principal of the school on March 20, 1950, orally notified plaintiff of the action of the school board terminating her services. This was denied by plaintiff. However, the trial court determined from conflicting evidence that plaintiff had notice of the

termination of her contract in accordance with its terms. By this finding we are concluded.

At the beginning of the fall term of school in 1950, plaintiff tendered her services as a teacher and demanded reinstatement under the teachers' tenure statutes of Colorado. This the district refused to do. Plaintiff then instituted her action for reinstatement and for wages of which she claimed she was wrongfully deprived. After trial, judgment was entered in favor of defendants, and plaintiff brings the cause here by writ of error, seeking reversal of the judgment.

Plaintiff claims that the school board could not dispense with her services without the filing of charges against her and a hearing thereon pursuant to chapter 230, Session Laws of Colorado, 1949, commonly known as the "Teacher Tenure Act."

We quote from Sections 2 and 3 thereof:

"Section 2. Any teacher who has heretofore been or shall hereafter be employed as a regularly elected teacher for three consecutive school years in any first class school district * * * in this State, and shall be re-elected after the passage of this Act, shall without further election have stable and continuous tenure of his or her position during efficiency and good behavior. * * *"

"Section 3. (a) No teacher who has been or shall hereafter be employed for three consecutive years in any district subject to this Act shall be dismissed or retired * * * nor until the charge in writing signed by the person making the same has been filed * * * nor until such charge has been served upon the accused * * * nor until the said board shall sustain such charge at a public or private hearing, if a hearing be requested in writing by the accused, * * *" This Act became effective August 12, 1949.

Defendants in their answer admit that no written charges were made against plaintiff, nor was any hearing held; their position is succinctly set forth in their

answer in which they aver: "that plaintiff was employed for one year from September 1, 1949 to September 1, 1950, and under the facts and the law, the filing of a charge in writing, signed by the person making the same with the Secretary of said Board, the serving of such charge upon plaintiff, and the sustaining of such charge by said Board was not required." Counsel for plaintiff insist that "any school teacher in any first-class school district in the State of Colorado employed for three consecutive school years and *employed* as a school teacher after the effective date of the Act [August 12, 1949] has acquired the benefits of the Act of 1949." It also is urged that, "plaintiff having been employed as a teacher on a permanent basis for more than three years prior to the effective date of the Act of 1949, and having *continued to be employed* for the ensuing school year subsequent to the effective date of the Act, she was to all intents and purposes 're-elected' within the meaning of the Act." (Emphasis supplied.)

■ ■ The question to be determined is whether plaintiff comes within the purview of the 1949 Act as a teacher who thereby acquired permanent tenure. We agree that the purpose of that Act was to protect the tenure of school teachers. Teachers' tenure is a right or status acquired pursuant to law. The 1949 Act, by section 2 thereof, specifically defines how permanent tenure or status is acquired. It does not say that "employment" after the effective date of the Act gives such a status to the teacher. It is provided in the Act that teachers in first-class school districts who "shall· be re-elected after the passage of this Act, shall without further election have stable and continuous tenure of his or her position during efficiency and good behavior." In order to acquire "stable and continuous tenure" the Act requires an affirmative act on the part of the school district "after the passage of" the Act. As expressed therein this had to be the re-election of the teacher.

In the instant case the automatic renewal of plaintiff's

contract took place on March 20, 1949. Plaintiff's status as a teacher for the school year 1949-1950 was fixed before the law became effective on August 12, 1949. Had the school district failed to notify plaintiff on or before March 20, 1950 that her contract was terminated, by the terms of her contract she would have been "re-elected" after the effective date of the Act. Having notified plaintiff that her contract was terminated, agreeably to its terms, we must conclude that plaintiff did not acquire stable and continuous tenure merely because she performed duties under her contract after August 12, 1949.

Sections 2 and 3 of the 1949 Act must be read together. Neither is intended to supersede the other and neither is of itself controlling. Section 2 fixes the "status" of the teacher entitled to tenure; section 3 prohibits the dismissal of such a tenure teacher except in accordance with the provisions of that section.

Obviously the General Assembly could have employed more appropriate language to express its evident intention; still, we are constrained to hold that by section 3 of the 1949 Act procedure was provided for the termination of the tenure of a teacher whose tenure rights were fixed by section 2 of the Act. Mere continuance of employment after August 12, 1949 for the school year 1949-1950 was not a re-election of plaintiff.

Our court in *School District v. Parker,* 82 Colo. 385, 260 Pac. 521, when speaking of contracts of school teachers, said: "Contracts of employment, therefore, are made several weeks—sometimes, as in the present case, several months—in advance. By that contract the school district, through its board, hires the teacher, and the teacher enters the employ of the district. The employment exists, though the performance of the duties is to commence in the future. The status of the parties becomes fixed upon the making of the contract." See, also, *Trustees of the State Normal School v. Wightman,* 93 Colo. 226, 25 P. (2d) 193.

The last renewal of plaintiff's contract was on March

20, 1949, five months before the tenure Act under consideration became effective. In section 2 of that Act it is plainly stated that the teacher must be re-elected, or, stated otherwise, have her contract renewed after the effective date of the Act.

It not having been shown by competent evidence to the satisfaction of the trial court that defendant school district had a population of 20,000 or more as required by chapter 215, Session Laws of Colorado, 1921, plaintiff's status was fixed by the 1949 Act above cited. We find no error in the rulings and determination of the trial court on the issue relating to the population of the defendant school district. What plaintiff presented on this issue were "estimates" to which persons said to be experts testified, and, who, by using certain formulae and ratios, gave their "estimates," or more properly stated, their "conclusions" as to the population of the school district. The trial court on conflicting evidence determined that the defendant district did not have a population of 20,000 or more. This finding is supported by competent evidence.

We have carefully considered the other points urged for reversal and find them without merit.

The judgment is affirmed.

Mr. Justice Moore dissents.