No. 19,709.

SCHOOL DISTRICT 38, EL PASO COUNTY *v.*
HORACE G. THOMAS.
(363 P. [2d] 700)

Decided July 24, 1961.

Mr. GERALD W. BENNETT, for plaintiff in error.

Mr. JOHN F. GALLAGHER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiff in error as the district, and to defendant in error by name.

Thomas was employed by the district to teach school

for the year beginning September 1, 1958, and ending August 31, 1959. The district entered into a written contract with him which contained the statement that he could not be dismissed "without good cause shown, which includes a hearing."

It was alleged in the complaint filed by Thomas that after the execution of the contract he:

" * * * entered upon his employment pursuant to said contract and proceeded to discharge the duty incumbent upon him by virtue of said employment.

"III.

"That on or about January 30, 1959, Defendant by and through its president, presented Plaintiff with a written notice purporting to terminate said contract and to discharge and dismiss Plaintiff from his said employment; and that said purported dismissal was without good cause shown and without a hearing contrary to the provisions of said contract and to the applicable laws of this State.

"IV.

"That during the period of January 30, 1959, through August 31, 1959, Plaintiff was at all times ready, willing, and able to perform his duties under said contract, but has been prevented from doing so by Defendant, its agents and officers."

The district filed an answer in which it admitted the contract of employment; denied that Thomas performed his duties thereunder; admitted the termination of employment as alleged by Thomas; and denied all other allegations appearing in the complaint. No affirmative defense was alleged in the answer. In essence the issues framed by the pleadings involved the question of whether Thomas was discharged for "good cause shown" after a hearing on specific charges; and whether he was prevented from performing his duties because of an automobile accident in which he was involved.

The issues were tried to a jury which returned a verdict in favor of Thomas and judgment was entered ac-

cordingly. The district seeks review of that judgment by writ of error.

As grounds for reversal counsel for the district argues that the trial court erred in giving instruction No. 2 which reads as follows:

"The jury is instructed as a matter of law and under all of the evidence introduced in this case, the Court finds that under the terms of the contract of employment the plaintiff could not be legally discharged from his employment without good cause shown, which includes a hearing; that no notice of hearing was given to plaintiff advising him of specific charges against him, that no testimony was taken at any hearing at which plaintiff was present; and by reason thereof the plaintiff is entitled to a judgment in his favor for the balance of salary due under the terms of his contract for the remainder of the contract term subsequent to his discharge, subject, however, to your determination under Instructions No. 3 and No. 4 of these instructions."

Instructions No. 3 and No. 4 referred to testimony concerning an automobile accident and the asserted incapacity of Thomas to perform his duties on account of injuries sustained. By its verdict the jury resolved these issues in favor of Thomas, and no ground for reversal is urged with respect thereto. Under such circumstances Instruction No. 2 amounted to a directed verdict in favor of Thomas.

There was no "good cause shown" for the dismissal of Thomas; no specific charges were ever filed against him; no notice of any pending charges was ever served upon him; and no hearing was ever held in compliance with the contract of employment, the statutes of Colorado and the adjudicated cases decided by this court over a long period of time. *School District No. 3 v. Hale,* 15 Colo. 367, 25 Pac. 308; *School District No. 26 v. McComb,* 18 Colo. 240, 32 Pac. 424; *School District No. 2 v. Shuck,* 49 Colo. 526, 113 Pac. 511; *School District No. 25 v. Youberg,* 77 Colo. 202, 235 Pac. 351; *Cheyenne*

*County High School District No. 1 v. Graves,* 87 Colo. 52, 284 Pac. 1026; *School District No. 13 v. Mort,* 115 Colo. 571, 176 P. (2d) 984.

In *School District No. 1 v. Parker,* 82 Colo. 385, 260 Pac. 521, the opinion of this court quoted the applicable statute which provides, "No teacher shall be dismissed without good cause." The contract there involved contained the identical language appearing in the instant case. We quote from that opinion the following:

" * * * There was no hearing of any charge against the plaintiff; no notice to her that there would be a hearing; in fact, no charge against her was ever made. Even if there were no such provision in the contract, the statute itself affords ample protection to the teacher. *School District v. Shuck,* 49 Colo. 526, 113 Pac. 511; *School District v. Youberg,* 77 Colo. 202, 235 Pac. 351.

"Construing this section of the statute, we said in the Shuck case, supra, at page 531: 'While we do not mean there must be formal pleadings and a trial before the board with the rules and formalities of court procedure, still we think that good cause shown, means specific accusation, notice, evidence of the charge before the board in its official capacity, and an opportunity to the teacher to be heard and refute the charge.' "

It is argued that the trial court erred in refusing to grant a directed verdict in favor of the district, and in refusing to give an instruction tendered by the district. The tendered instruction was as follows:

"You are instructed that it is entirely competent for the parties to a contract to modify or waive their rights under it and ingraft new terms upon it. If you find from a preponderance of the evidence that the Plaintiff for a valid consideration agreed to waive the provision of the contract providing for good cause shown, including a hearing, and in lieu thereof agreed to certain conditions for his continued employment then in the event of default thereof you must find for the Defendant."

The court did not err in refusing the instruction.

The pleadings did not frame any issue authorizing the giving of any such instruction, and there was no competent evidence that Thomas at any time "for a valid consideration agreed to waive the provision of the contract providing for good cause shown, including a hearing," even if such an issue had been framed by the pleadings.

The judgment is affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE DAY concur.