PEOPLE EX REL. SCHOOL DISTRICT No. 2 v. COUNTY COM-
MISSIONERS.

1. CONSTITUTIONAL LAW — TAXATION — SCHOOL PURPOSES — POWER OF COUNTY COMMISSIONERS.— Sections 67–70, General Statutes of 1883, as amended by Laws of 1887, pages 398 and 399, providing that the school board in each district shall certify to the county commissioners the number of mills per dollar which it is necessary to levy on the taxable property of the district for a special fund; that the school commissioners shall cause the same to be levied, and shall not be charged with any discretion in the matter of the levy, vests them with merely ministerial duties, and is not in violation of article 10, section 7, of the constitution, providing that the general assembly shall not impose taxes for the purposes of any municipal corporation, but may vest the corporate authorities with that power.
2. SCHOOLS AND SCHOOL DISTRICTS — TAXATION — LEVY — MANDAMUS.— Where, at a special meeting of the district, a resolution is regularly adopted instructing the president and secretary of the school board to certify to the county commissioners that it is necessary to levy a certain tax on the property of the district for a special fund, and this action is duly certified, there is a sufficient compliance with the requirements of the statute to authorize a proceeding by *mandamus* to compel the commissioners to levy the tax.
3. MANDAMUS — LEVY OF TAX — JURISDICTION OF SUPREME COURT.— On a petition for that purpose by the people, at the relation of the district, the supreme court has original jurisdiction.
4. SAME — PLEADING — TRAVERSE — PRESUMPTIONS.— The board of county commissioners, from their relations with the school dis-

trict, being presumed to have knowledge, and the means of knowledge, whether it is regularly organized, and having affirmatively recognized its *status* as a school district in their sworn answer, a traverse that defendants have not and cannot obtain such knowledge is insufficient.

*Original Proceeding — Application for Mandamus.*

PETITION by the people, at the relation of school district No. 2 of Lake county, against the board of county commissioners of Lake county for *mandamus* to compel respondents to levy a tax.   Constitution of Colorado, article 10, section 7, provides that the general assembly shall not impose taxes for the purposes of any municipal corporation, but may vest the corporate authorities with that power.   General Statutes of Colorado, section 3019, provides that the county superintendent shall ascertain the boundaries of school districts and keep a record thereof. Section 3035 provides that each regularly organized school district shall be a body corporate, and may hold property and be a party to suits and contracts the same as municipal corporations.

Messrs. BLAKE & SAYER, for petitioner.

Mr. D. E. PARKS, for respondents.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

This is an original proceeding, instituted in this court by school district No. 2, Lake county, in the name of the people of the state against the board of county commissioners of Lake county, to obtain a writ of *mandamus* to compel the defendants to levy or cause to be levied upon the taxable property of said district a special school tax for the benefit of said school district, in pursuance of amended sections 67, 70, chapter 97, General Statutes of Colorado.

The questions to be determined in this action arise upon demurrer to defendants' answer.   The answer itself is,

for the most part, only a demurrer to the petition, but, as this form of answer seems to be contemplated by the code (section 316), the whole matter may be readily disposed of by considering the averments of the petition and answer together. Indeed, the answer, so far as it attempts to make any issues of fact, is quite informal and immaterial; so the facts of the case are practically admitted.

That it is proper for this court to take original jurisdiction in a case of this kind is well settled in *Wheeler v. Irrigation Co.* 9 Colo. 255. To the averment of the petition that the relator is a regularly organized school district, etc., the answer interposes the qualified traverse that defendants have not and cannot obtain sufficient knowledge, etc. This form of traverse is not sufficient, when we consider the intimate relations, knowledge and means of knowledge which the board of county commissioners must be presumed to have in respect to the organization of the school districts of the same county; and especially is this true when other parts of the sworn answer affirmatively show defendants' recognition of relator's *status* as a school district. Bliss, Code Pl. § 326; Gen. St. Colo. §§ 3019, 3035.

The relator relies upon amended sections 67, 70, chapter 97, General Statutes, found on pages 398, 399, Session Laws of 1887, and which read as follows: "Sec. 67. On or before the day designated by law for the commissioners of each county to levy the requisite taxes for the then ensuing year, the school board in each district shall certify to the county commissioners the number of mills per dollar which it is necessary to levy on the taxable property of the district to raise a special fund for any of the purposes specified in section 51 of this chapter, and the county commissioners shall cause the same to be levied at the same time that other taxes are levied, and the amount of such special tax which shall be assessed to each tax-payer of such district shall be placed in a sepa-

rate column of the tax-book, which shall be headed 'Special School Tax.'" * * * "Sec. 70. It shall not be lawful for a district or a district board to reconsider the question of the levy of a special tax after the same has been certified to the county commissioners, nor shall said commissioners be charged with any discretion in the matter of such levy, further than to ascertain if the law has been obeyed." It further appears that in pursuance of these sections, on September 24, 1888, a special meeting of school district No. 2 was held, at which the following resolution was regularly adopted: "Resolved, that the president and secretary of this board be, and they are hereby, instructed to certify to the county commissioners of Lake county, Colo., that it is necessary to levy on the taxable property of school district No. 2, of Lake county, Colo., fourteen (14) mills per dollar, to raise a special district No. 2 fund for the schools of said district." Afterwards, and on September 27, 1888, this action of the board was duly certified and delivered to the defendants. The defendants, by their answer, claim that according to section 7, article 10, of the constitution of this state, and other provisions of the constitution and laws enacted in pursuance thereof, the power to levy taxes for school districts cannot be vested in the board of county commissioners, but that the authority to levy must be vested in the board of education of the proper district, or the school district itself; and further claim that the certificate made by the school district is not the proper certificate contemplated by said section. It is further claimed by the answer that by reason of the large amount of taxable property in said school district, the assessment of fourteen mills on the dollar will raise a larger revenue than is necessary for the use of said district for school purposes.

We have considered with care the several constitutional and statutory provisions referred to in defendants' answer, and are of the opinion that, inasmuch as the

board of education of the proper district is vested with the sole power of determining and certifying to the board of commissioners the number of mills per dollar necessary to be levied for school purposes, while by the same act the commissioners are deprived of all discretion in the matter of such levy, that it is the board of education, and not the county commissioners, who really levy or cause the taxes to be levied. Taking this view of the statute, there is no serious question as to its constitutionality. The doctrine is elementary that no act of the general assembly should be declared unconstitutional unless it is clearly and palpably so. Notwithstanding the letter of the statute, it is manifest that in the matter of levying the taxes the board of county commissioners act in a mere ministerial capacity as the agents of the state, and the board of education of the proper district is vested with the sole discretionary power in the premises. Whether this be a wise investiture of power or not is a question for the general assembly, and not for this court. We see no occasion to suppose, in this case, that the power has been, or is likely to be, abused by the relator. 1 Desty, Tax'n, §§ 96, 97; Cooley, Tax'n, pp. 34, 39, 184. The action of relator in determining the rate of taxation, the resolution and certificate thereof, are correct in all substantial particulars, and that is all that should be required. In a matter so important as the maintenance of public schools, the courts should incline to uphold, rather than to defeat, the action of the officers charged with the execution of the laws. *Law v. People*, 87 Ill. 403; Desty, Tax'n, pp. 468, 469. We think the answer is insufficient in law, and the demurrer thereto is sustained. The petition being sufficient in law to entitle the relator to a peremptory writ of *mandamus*, judgment is awarded accordingly.

*Writ awarded.*