[No. 8417.]

LEDDY, STATE TREASURER, V. THE PEOPLE EX REL. ATTORNEY
GENERAL.

1. CONSTITUTIONAL LAW—*Loan of School Funds.* The provisions of Rev.
Stat., sec. 5207, making each county liable to the state for losses incurred
by the loan of the school fund in such county, is in violation of sec. 1 of
art. XI of the Constitution. (122.)

2. —— *Statute Unconstitutional in Part.* Where one section of a statute,
·found to be beyond the legislative power, is, of such importance that plainly
the act would not have passed without it, all those provisions relating to
the matter of the section condemned must fall with, it: e. g., all the pro-
visions of c. 134 of the Laws of 1905 (Rev. Stat., secs. 5198-5212) for the
loan of the School Fund. (123.)

*Error to Denver District Court.* Hon. JOHN A. PERRY,
Judge.

Mr. EDWIN H. PARK and Mr. THOS. H. GIBSON, for
plaintiff in error.

Hon. FRED FARRAR, Attorney General, and CLARENCE
M. HAWKINS, Assistant Attorney General, for The People.

Opinion by Mr. JUSTICE TELLER.

The District Court, at the suit of the Attorney General,
by writ of mandamus, directed the plaintiff in error, as
Treasurer of the State of Colorado, to apportion the Public
School Fund in accordance with the provisions of secs. 37
to 50 of chap. 134 of the Laws of 1905, being secs. 5197 to
5212 of the Revised Statutes, 1908, which prescribes a
method for loaning said fund.

The State Treasurer seeks to have reversed the judg-
ment ordering the writ to issue, alleging that the law, so
far as it provides for such loaning of funds, is unconstitu-
tional.

The principal constitutional objection urged, and the
only one we deem it necessary to consider, is:

That sec. 46 of the act makes the several counties liable

for losses incurred from loans made in the county, in violation of sec. 1 of art. XI, which prohibits the state, or any county or municipality thereof, from lending its credit to any private person, or becoming responsible for any debt, contract or liability of any person or corporation.

This section provides that the county in which any loan is made from the permanent school fund shall be responsible for any loss which may be incurred on such loan, and requires the county commissioners to levy a tax for the reimbursement of the State Treasurer for such loss.

Sec. 1 of art. XI of the Constitution provides that "Neither the state nor any county, city, town, township or school district shall lend or pledge the credit or faith thereof, directly or indirectly, in any manner to, or in aid of, any person, company or corporation, public or private, for any amount, or for any purpose whatever, or become responsible for any debt, contract or liability of any person, company or corporation, public or private, in or out of the state."

The validity of sec. 46 must be determined by ascertaining whether or not it makes the counties in which losses on loans occur responsible for a "debt, contract or liability of any person, company or corporation," in the sense in which those words are used in the section of the Constitution which is under consideration.

The Attorney General contends that if the statute be held to be in conflict with that section of the Constitution, then sec. 3 of art. IX is also in conflict with it.

This last named section provides for the loaning of the school fund and that "the state shall supply all losses thereof that may in any manner occur." He insists that since the state, as well as counties, is within the prohibition in sec. 1 of art. XI, it cannot supply the losses as required by sec. 3 of art. IX without violating the first named section. From this apparent conflict he concludes that the prohibition does not cover such losses as are contemplated by sec. 46. While

this argument is at first glance very plausible, full consideration of the sections involved will show that it is not well founded.

The Constitution by the one section requires the State to supply all losses to the school fund, and that liability rested upon the State at the moment it came into being.

The other section under consideration prohibits the State, and the municipalities thereof, from *becoming* responsible for such debts and liabilities as are mentioned therein. One section imposes a contingent liability, the other prohibits the assumption of liability by a voluntary act. If neither State nor county can become responsible for the debts of any person or corporation, it follows that the State cannot by statute make a county liable, either absolutely or contingently, for such debt, or any part thereof.

Sec. 46 of this act makes the county in which a loan is made, and on which a loss occurs, responsible for such loss, and requires the county to make good the loss to the State Treasurer. The effect of this is to make each county contingently liable on every loan made on security which is situated therein. The ultimate result is the same as it would be if the county were required to enter into a written guaranty of every evidence of indebtedness taken by the Land Board for loans made in that county. The county must pay if the principal debtor does not; and that is the obligation of a guarantor. The South Dakota cases cited in support of the validity of this section are not in point, since the Constitution of that state contains provisions which authorize such a statute.

The section is "clearly and palpably" in conflict with sec. 1 of art. XI of the Constitution, and that being so, it is the duty of this court to declare it void. *People v. Commissioners,* 12 Colo. 89, 19 Pac. 892; *People v. Rucker,* 5 Colo. 455.

It may be further noted that the duty to "supply the losses" from this fund is placed by the Constitution upon

the *State;* and even if it were true, as contended, that the losses to be made good are not such liabilities or debts as are intended in sec. 1 of art. XI, nevertheless, sec. 46 would be void for want of power in the State to shift its liability to the counties, as is attempted to be done in that section.

It is urged that the fact that one section of a law is void does, not necessarily make the entire statute invalid; and that such parts of the statute as may, independent of the invalid section, accomplish the purpose evidently intended by the law are valid and should stand. Hence, it is contended that though sec. 46 be invalid, the other sections which constitute a system of loaning school funds may be effectually carried out without it, and are therefore valid.

This is true only in case that section be found to constitute so unimportant a part of the loaning system devised by the legislature, that it is plain that the legislature would have passed the act without it. *Howard v. Illinois C. R. Co.,* 207 U. S. 463, 52 L. Ed. 297, 28 Sup. Ct. 141.

The Constitution requires the permanent fund to be "securely and profitably invested," but without that mandate it would be the manifest duty of the legislature to recognize the truth of the assertion, made by this court, that "the security of the investment is of the first and highest importance (*In re School Fund,* 18 Colo. 195, 32 Pac. 273)., and legislate accordingly.

The principal purpose which sec. 46 serves is to afford additional security for the loans and security, too, of a high quality. When such security has been required as a prerequisite to the loan, how can it be said, in view of the provisions of the Constitution as above construed by this court, that the legislature would have authorized the loans without it? This requirement of the counties will evidently serve another purpose, in that it will tend to make the County Commissioners more careful in appraising property offered as security.

The section forming, thus, so important a part of the

loaning system, it is not plain that the system would have been created without it. Hence, so much of the law as forms a loaning system must be held invalid.

There was, then, no duty on the part of the Treasurer to take the action commanded, and the writ was erroneously issued.

The judgment is reversed, with directions to dismiss.