### No. 14,073.

LOWDEN ET AL. *v.* BOARD OF COUNTY COMMISSIONERS OF THE
COUNTY OF LINCOLN.
(69 P. [2d] 779)

Decided June 21, 1937.

Mr. WILLIAM V. HODGES, Mr. JAMES L. GOREE, Mr.
WILLIAM V. HODGES, JR., for plaintiffs in error.

Mr. C. H. BEELER, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN action "to recover," as said, "the amount of a tax illegally and erroneously laid." Plaintiffs are the trustees of the estate of the Chicago, Rock Island and Pacific Railway Company, bankruptcy debtor, and the defendant is the board of county commissioners of the county of Lincoln. The complaint contained three causes of action, but they had to do with only one situation. A general demurrer to the several causes was sustained and there was judgment of dismissal.

Allegations common to all the causes were to the effect that the railway company owns a line of railroad running across Lincoln county, a portion thereof being within School District No. 4 in said county; that for the year 1933 the assessed value of all property in the school district was $1,460,580, the railway company's part thereof being $170,784; that for the fiscal year beginning July 1, 1933, and ending June 30, 1934, the directors of the school district prepared a budget to be met by special tax levy on property in the district, which aside from the amount required to pay bonds and interest thereon, of fixed ascertainment, aggregated $18,008.70, an item of $6,-981.88 thereof being for teachers' salaries; that the sum of the contracts for that service during the year was $9,630, $6,750 of which was dischargeable out of the general fund, leaving a balance as to that item of only $2,880 properly to be raised by special district tax levy; that instead of budgeting and certifying in that sum the school authorities certified the need of a special levy to produce $6,981.88, or $4,101.88 more than the amount reasonably necessary in the premises; that the budget so prepared was certified to the defendant and it ordered special levy in accordance therewith, which levy was duly extended by other proper officers of the county, and for the year mentioned represented and became the special tax levy against the assessable property of the said school district, including plaintiffs' property therein; that plaintiffs' proportion of the excess assessment for teachers' salaries was $478.20, one-half of which they paid in

54

February, 1934, and the remaining one-half in July, 1934, both payments being under protest. · In the second cause of action it is emphasized that the school directors knew or should have known that the sum fixed in the budget for teachers' salaries was grossly excessive, and that in making levy pursuant to the budget certified by the school district officials the members of the defendant board, in ignorance of the facts or in disregard thereof, considered and adopted the budget and attempted to make it legally effective; in the third cause of action, with allegations as to the county commissioners similar to those in the second cause, it was further alleged that the school directors knew the sum fixed by their budget for teachers' salaries was grossly excessive and more than the amount reasonably necessary for that purpose; that in preparing their budget they acted in total disregard of the rights of plaintiffs and other taxpayers of the district, did not proceed in good faith, and were guilty of gross abuse of the discretion vested in them.

That plaintiffs set forth facts justifying their demand, the merits considered, is not challenged. Rather, the contention of defendant—and its view met the approbation of the trial court—is, that since plaintiffs did not plead they had resorted to ''administrative remedies provided by the statutes * * * for the correction, abatement or refunding of such alleged erroneous and illegal tax,'' they were not entitled to invoke the power of the judicial branch of the government in the interest of their cause. In support of that view its counsel cites '35 C. S. A., chapter 142, sections 110, 114, 115, 116, 130, 158 and 212. Our study convinces us that those statutes are without application. No claim is made by plaintiffs that their property was not taxable, that it was overvalued, that the mill levy was beyond legal limitation, that there was duplication, that there was lack of uniformity in the assessment, or that they were suffering any burden by reason of the assessment not common to all the taxpayers of the school district. The cases having to do with the

interpretation of the statutes, cited by defendant, which we shall not pause to review, are for the same reason inapplicable. Plaintiffs' contention, and their only contention, is, that the school board, having authority, and being required, to make and certify a budget for special levy to the defendant board of county commissioners ('35 C. S. A., chapter 103, section 6; Id. chapter 146, section 32, C. L. 1921, section 8286), so "loaded" the item for teachers' salaries that levy made pursuant thereto resulted in an unconscionable and illegal burden on the taxpayers of the school district, injuriously affecting plaintiffs as appears by the figures already analyzed.

■ We think, the facts pleaded considered, that in paying their proportion of the unrequired tax, protesting the while, plaintiffs qualified to invoke the provisions of '35 C. S. A., chapter 142, section 281, and have the amount of the excess exaction refunded to them. The school directors proceeded in form as required by law ('35 C. S. A., chapter 146, section 32), but in certifying that a sum, greatly beyond the requirement for teachers' salaries, was a proper item in their budget they supplied basis for the demand of plaintiffs here. Clearly, as we appraise the rights of taxpayers, there was abuse of discretion on the part of the school authorities. It follows that defendant board of county commissioners, powerless though it was to avoid making levy in accordance with the school district's budget certificate (*People ex rel. v. Commissioners*, 12 Colo. 89, 10 Pac. 892), is required by statute to respond in the sum of the excess payment exacted from plaintiffs. All the foregoing is, of course, predicated on plaintiffs' allegations. Perhaps defendant's answer will present a different revelation. We think that sufficient facts were pleaded in each of the causes to require answer. To the end that the demurrers may be overruled and answer allowed, let the judgment be reversed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE BAKKE concur.