No. 19,486.

BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE COUNTY,
ETC. *v.* WILLIAM E. HUMES.
(356 P. [2d] 910)

Decided November 14, 1960.

Mr. RICHARD H. SIMON, for plaintiffs in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court defendant in error was plaintiff and plaintiffs in error were defendants. We shall refer to plaintiffs in error as the County, and defendant in error as plaintiff.

Plaintiff's action was one to recover $777.50, together with counsel fees, as reimbursement for expenses incurred by plaintiff in connection with a proposal to incorporate the Town of Windemere Village in Arapahoe County, Colorado. Plaintiff was the prime mover in this proposal, and was named by the County Court of Arapahoe County as chairman of the appointed Court Commissioners to conduct an election to ascertain the will of the eligible voters in the area of the proposed incorporation pursuant to statute. An election was held in July 1959 resulting in rejection of the incorporation. Plaintiff then filed a claim with the county for expenses incurred incident to said election, which claim was denied in August 1959 and thereafter the instant action was commenced. Plaintiff relies on C.R.S. '53, 139-1-5 (7), as amended.

By answer, after making certain admissions and denials the county set forth two affirmative defenses, (1) That the complaint failed to state a claim, and (2) That C.R.S. '53, 139-1-5 (7), supra, is unconstitutional in that it attempts to lend the credit of the county to or in aid of persons interested in incorporation proceedings and is an attempt by the General Assembly to render the county liable for the debt of a third party or parties.

The trial court entered judgment for plaintiff and the county is here on writ of error seeking reversal.

It appears that prior to the trial court's decision the District Court of Arapahoe County, Colorado, by judgment and decree held that C.R.S. '53, 139-1-5 (7), supra, is unconstitutional and the authorities of the county

were enjoined from paying the expenses in the incorporation proceeding. This judgment and decree was admitted in evidence in the instant case.

C.R.S. '53, 139-1-5 (7), supra, reads as follows:

"All costs and expenses connected with such incorporation proceedings including all election expenses and fee for necessary legal expenses shall be paid by the City Council or board of trustees of the newly incorporated municipality within one year from date of incorporation; provided that where incorporation fails, such costs shall be borne by the county wherein such election is held."

The constitutional provision relied on by the county is Art. XI, Sec. 1, which reads:

"Neither the state nor any county, city, town, township or school district shall lend or pledge the credit or faith thereof, directly or indirectly in any manner to, or in aid of any person, company or corporation, public or private, for any amount, or for any purposes whatsoever; or to become responsible for any debt, contract or liability of any person, company or corporation public or private in or out of the state."

At common law, the costs of incorporation are borne by the persons engaged in the proceeding (62 C.J.S. 103, Municipal Corporations, Sec. 24). This common law doctrine could admittedly be superseded by a valid statutory regulation. However, the constitution of the State of Colorado expressly prohibits the General Assembly from authorizing a county to assume liability as guarantor for such expenses as are incurred in an unsuccessful attempt to incorporate.

Article XI, Section 1 of the constitution has been interpreted by the Court as preventing the county from standing in the position of a guarantor for the debts of an individual, and the situation now before the Court falls squarely within that prohibition. In *Leddy v. The People* (1915), 59 Colo. 120, 147 Pac. 365, the Court in discussing this section, stated at page 122:

"If neither the state nor county can become responsi-

ble for the debts of any person or corporation, it follows that the state cannot by statute make a county liable either absolutely or contingently for such debt, or any part thereof."

The *Leddy* case declared that a statute which attempted to make the county liable for losses incurred on loans of school funds was unconstitutional. This Court there held that such a statute must be tested by the limitations upon liability which are set forth in Article XI, Section 1, of the constitution.

Applying these limitations to the statute presently before the Court, it is clear that its purpose is to make the county liable for a debt or liability of individuals. It required the county to pay the cost of the incorporation proceedings if the proceedings are unsuccessful. Assumption of such obligation by the county is clearly prohibited by this section of the constitution.

The judgment is reversed and the cause remanded with direction to dismiss the action.