PHILOMENA E. WHITE, Appellant, v. C. J. WOHLENBERG et al.

**Discharge of Teacher:** HEARING WITHOUT NOTICE A NULLITY: *Restraining second trial after reversal by county superintendent.* Where the decision of the board of directors in discharging plaintiff as teacher was reversed by the county superintendent because plaintiff was not given notice of hearing, plaintiff was not entitled to an injunction restraining a second trial on new charges, since the first hearing was a nullity, and could not operate as an acquittal, and there is grave doubt whether equity will grant relief in such a case. Compare Kirkpatrick v. District, 53 Iowa, page 587. — Reporter.

REFUSAL OF REINSTATE IMMATERIAL. Where the decision of a board of directors in discharging plaintiff as teacher was reversed by the county superintendent because plaintiff was not given notice of the hearing, the fact that the board did not permit plaintiff to resume her school after the reversal did not entitle her to injunction restraining a second trial on new charges, on the ground that she had not been reinstated, since the first trial was a nullity, and plaintiff had never been legally discharged.

SCHOOL BOARD MAY ACT AS ACCUSER AND JUDGE. Code, section 2782, provides that the board of school directors, by a majority vote, may discharge any teacher for incompetency or any good cause, after a fair investigation made at a meeting held for that purpose, at which the teacher shall be permitted to make a defense. *Held,* that a trial of charges against the teacher by the board of directors was not objectionable on the ground that they were accusers rather than judges, and because of their prejudice, since they constitute the only tribunal authorized to try such charges.

SECOND HEARING AFTER UNWARRANTED INJUNCTION: Relates back to *time at which restrained hearing was originally set.* Where a hearing on charges against a teacher for incompetency was delayed by an unwarranted injunction secured by the teacher, on dissolution of the injunction, a hearing will relate back to the time originally set for the investigation of the charges.

*Appeal from Ida County District Court.*—HON. S. M. ELWOOD, Judge.

Friday, February 1, 1901.

Defendants are members of the school board of the independent district of Holstein. Plaintiff had a contract to teach in their school. Charges were preferred against her as a teacher by one member of the board. A time was fixed for the hearing of these cahrges, and plaintiff was notified thereof. She brings this action to enjoin defendants from proceeding with said trial. A temporary writ of injunction was granted, which, on motion of defendants, was afterwards dissolved. From this order dissolving the injunction, plaintiff appeals.—*Affirmed.*

*Salinger & Korte* and *P. P. White* for appellant.

*Will E. Johnston* and *R. H. Smith* for appellees.

Waterman, J.—Plaintiff had a contract to teach for the term of one year. After she had been teaching for a time charges were preferred against her, and, upon a hearing before the board, the charges were sustained, and plaintiff dismissed from her employment. From this decision of the board plaintiff appealed to the county superintendent, who reversed the action of the board, on the ground that plaintiff had been given no notice or opportunity to be heard. Plaintiff was not reinstated in her position, but new charges were at once filed against her by a member of the board, a time was fixed for their hearing, and due notice given her. This is the hearing which she seeks to enjoin.

The decision of the county superintendent was not based on the merits of the case before him. He finds expressly that no notice was given plaintiff of the hearing. In view of this finding, he could not have considered the merits of the charges made. This finding amounts to nothing more

than a holding that the hearing before the board was a nullity. There never having been a hearing, then, why cannot there be one upon the last charges? If the charges are true, plaintiff was not a proper person to teach in the school. Upon what principle, then, can it be held that this matter may not be investigated in a lawful proceeding? The abortive attempt at a trial, when no jurisdiction was had of plaintiff, should not prevent a lawful hearing and legal judgment. Counsel say, if plaintiff had been reinstated in her position, this second proceeding might have been had, but that, inasmuch as the board did not recognize her as a teacher, it could not try her. This reasoning seems to us faulty. The board did recognize her as a teacher, although she was not permitted to perform duties as such. It was because she was acknowledged as a teacher, to whom the district was bound by contract, that the board desired this latter hearing. Plaintiff's contract rights can be cut off only by her discharge for cause, after a full hearing. If the cause exists, it would seem strange to deny the board the right to show it, merely because of a former hearing that was wholly illegal and void.

We do not see how the question at issue here is affected in any way by the fact that plaintiff was not again given her classes after the decision on appeal by the county superintendent. It was sought by these second charges to try her as a teacher to whom the district was still bound by contract. If this cannot be done, she will hold out her term, and recover her full compensation. We should, then, have the anomaly of a hearing, on which no legal judgment of conviction could be founded, operating as a full and complete acquittal. In *Jackson v. Independent Dist.*, 110 Iowa, 313, which was quite like the case at bar in some of its facts, the judgment of a board of directors discharging a teacher being reversed on appeal for want of notice, this court said: "It is doubtless true that, after the decision of the superintendent of public instruction, the

board of directors could have retried the matter on its merits, and dismissed plaintiff from its service, if it found against her. But in such case her discharge would have dated from the time of this proper action on the board's part." While this language was not necessary to a decision of the point passed upon in this case, it was an appropriate part of the court's reasoning, and we regard it as a correct statement of the law.

Some question is made as to the propriety of the members of the board acting as judges. It is said they are accusers rather than judges, and that plaintiff could not secure a fair and impartial hearing before them. Nevertheless these defendants constitute the only tribunal before which such hearing could be originally had. Code, section 2782.

What we have said applies to the right of trial at the time fixed by the board of directors. But plaintiff could not strengthen or save her contract rights by unlawfully securing the postponement of the hearing, against the wish of the board, until the term of her agreement had expired. A teacher who has a contract for a definite term cannot be discharged before its expiration without a hearing. *Benson v. District Tp.*, 100 Iowa, 328. If, by an unwarranted writ of injunction, a teacher prevents the board from having such hearing until the contract time has expired, it would be most unjust to hold that the rights of the district were to suffer. A hearing now relates, of necessity, back to the time when, but for plaintiff's unlawful acts, it would have been held.

II. What we have said disposes of the case. But it is proper to add there is a grave doubt whether equity would grant relief in a case of this kind. The action of the trial court in dissolving the temporary injunction was correct, and its order is AFFIRMED.