## BELL *v.* THE TOWN OF SULLIVAN.

[No. 19,767.   Filed March 14, 1902.]

WORK AND LABOR.—*On Public Work.*—*Minimum Wage Rate.*—*Act of 1899.*—The act of March 6, 1899, providing a minimum wage rate on public work of the State, being for the benefit of labor, and no public interest being impressed upon the subject, and no rule of public policy being violated, a laborer, by contract, may waive the benefit of the statute, and accept a lower rate of wages, and such waiver and acceptance would be binding on him.

From Sullivan Circuit Court; *W. W. Moffett,* Judge.

Action by Frank Bell against the Town of Sullivan on account for wages as common laborer.   From a judgment for defendant, plaintiff appeals.   *Affirmed.*

*O. B. Harris,* for appellant.
*John S. Bays* and *L. F. Bays,* for appellee.

DOWLING, J.—This action was brought by the appellant against the appellee to recover the sum of $57.60, alleged

to be due to him on account of "unskilled labor" performed by him on public works of said town of Sullivan. The answer was in five paragraphs, the first being a denial; the second, payment; the third, accord and satisfaction; the fourth, a set-off; and the fifth alleging a special contract between the appellant and the appellee whereby the compensation of the appellant was fixed at $1.10 per day for the whole period of his employment. Demurrers to all the paragraphs of the answer except the first having been overruled, the cause was put at issue by a reply in denial, and was submitted to a jury for trial, who returned a general verdict for the appellee. A motion for a new trial was overruled, and judgment was entered upon the verdict. The plaintiff below appeals, and the errors assigned and discussed are the rulings of the court on the demurrers to the third, fourth, and fifth paragraphs of the answer, and the refusal of the court to grant a new trial.

The claim of the appellant is founded upon the act of March 6, 1899, entitled "An act establishing a minimum wage rate on public work of State, counties, cities, and towns, and declaring an emergency." Acts 1899, p. 515. The first section of said act reads as follows: "Be it enacted by the General Assembly of the State of Indiana: That from and after the passage of this act, unskilled labor employed upon any public work of the State, counties, cities and towns shall receive not less than fifteen cents an hour for said labor."

The facts of the case, as shown by the pleadings and proof, were that the appellant was employed by the appellee, through its marshal and street commissioners from March 6, 1899, until August 20, 1899, a period of 144 days, of ten hours each, at an agreed rate of $1.10 per day. The work done by the appellant under this agreement consisted of unskilled labor on street improvements, and in cleaning and repairing the streets, alleys, and sidewalks of the town. He received his pay from time to time at the rate agreed

upon, without objection, until the full amount due to him, agreeably to the terms of his contract, was paid to him, and duly receipted for. He then brought suit against the town for $57.60, on the ground that the minimum rate of wages which the town was permitted by the act of March 6, 1899, *supra,* to pay for unskilled labor was fifteen cents per hour, or $1.50 per day for a day of ten hours.

On these facts two questions are presented: (1) Is the act of March 6, 1899, which purports to fix the minimum rate of wages to be paid by towns for unskilled labor on public works, valid as to towns; and, (2) if it is, can the appellant lawfully claim the benefit of its provisions after having contracted for and received a lower rate of wages? The view we take of the second question renders it unnecessary that we decide the first. *State* v. *Darlington,* 153 Ind. 1, 4, and cases cited.

It would do no violence to the words of the act to hold that it was probably intended to apply only in cases where no special contract was made fixing the rate of compensation of the laborer. Besides, as there are no prohibitory words in it, the act cannot be understood as taking away from the parties the right to contract upon such terms as may be agreed upon between them. 1 Smith's Leading Cas., 364. And further, the act being for the benefit of the laborer, and no public interest being impressed upon the subject, and no rule of public policy being violated, he might waive the benefit of the statute, and accept a lower rate of wages, and such waiver and acceptance would be binding upon him. *Tombs* v. *Rochester, etc., R. Co.,* 18 Barb. 53; *Schulte* v. *Thompson,* 15 Wall. 151, 21 L. Ed. 123; *White* v. *Connecticut, etc., Ins. Co.,* 4 Dill. 177.

By their verdict, the jury found that the appellant was employed under an express contract, and that his wages were fixed at $1.10 per day of ten hours. They also found that payment at the rate agreed upon was made to him, and that such payment was by him received and accepted in full of

the amount due to him. No reason has been suggested why such settlement should not be binding, except that it contravened the act of March 6, 1899.

Under our interpretation of the act, the special contract set up in the answer was not inconsistent with the statute, and was binding upon the parties. The court did not err in overruling the demurrers, or in denying the motion for a new trial.

Judgment affirmed.

Gillett, J., doubts.