No. 12,437.

CHEYENNE COUNTY HIGH SCHOOL DISTRICT No. 1 *v.*
GRAVES.
(284 Pac. 1026)

Decided February 3, 1930.

Mr. GEORGE C. MANLY, Mr. EVERETT E. TROUT, for plaintiff in error.

Mr. EDWIN N. BURDICK, Mr. CLARENCE O. MOORE, for defendant in error.

*In Department.*

MR. JUSTICE ADAMS delivered the opinion of the court.

GRAVES brought this action in the district court and

obtained judgment against Cheyenne county high school, district No. 1, on a contract for services as its superintendent of high schools. Defendant brings the case here for review on writ of error, and asks for a supersedeas. The parties join in an application for final determination at this time. We shall hereafter refer to plaintiff in error as the district, and to defendant in error as the superintendent.

The district employed the superintendent at a stated salary for one year commencing August 1, 1925. He accepted, and assumed the duties of his office on that date, but only three days afterwards, on August 4, 1925, during vacation, and before the opening of the fall term of school, at a meeting of the high school committee, a motion was made and carried that the superintendent be discharged. It was accordingly done. No charges were filed or hearing had. The district claims that the superintendent was discharged for good cause, which the latter denies.

The high school committee evidently realized that its action taken at its meeting on August 4th was improvident and illegal, for it attempted later to correct the mistake by at least a surface compliance with the law, but without any apparent abatement of its fixed predetermination to oust its chosen school officer, whatever the underlying reasons may have been. On August 17, 1925, the minutes of the meeting of August 4th were approved, a successor to the superintendent was designated, the keys to the buildings were then demanded of the superintendent and delivered by him under protest. A purported hearing by the school committee was held on September 26th, following, over the objections of the superintendent. Due to defendant's actions, plaintiff was not in attendance at school in September, so the charges could not pertain to that month.

The trial court found the charges untrue, and further said: "But regardless of these charges, the court finds that plaintiff was discharged by motion carried on Au-

gust 4, 1925, and the keys taken from him on the 17th of August, without any charges having been filed, or hearing had, as required by statute; and the latter acts of the defendant did not cure this omission.''

The findings of fact are sustained by the evidence. We agree with them.

Defendant's breach was committed on August 4th, which marks the date when plaintiff's cause of action arose. The district's subsequent acts confirmed the breach, if in fact it may not be said to have aggravated it.

The concluding sentence of section 8435, C. L. 1921, reads: ''No teacher shall be dismissed without good cause shown, and such teacher shall be entitled to receive pay for services rendered.''

The business of teaching was admittedly a part of the duties of plaintiff in this school district. He was ready, willing and able to perform his duties, but was denied the privilege by his employer, and is entitled to his damages sustained. We have held to the same effect before. *School District v. Shuck*, 49 Colo. 526, 113 Pac. 511; *School District v. Youberg*, 77 Colo. 202, 235 Pac. 351; *School District v. Parker*, 82 Colo. 385, 260 Pac. 521.

Other arguments go to questions of practice, but they have been covered in so many of our former opinions as not to require further repetition here. Defendant invokes the common law, worthy of deepest study. We cannot say that it is inconsistent with the judgment—we hope not—but, in so far as it is or may be out of harmony with the statutory confirmation of the ancient principle that ''the laborer is worthy of his hire,'' to that extent, at least, the common law must seek other shelter. The judgment is just.

Judgment affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE ALTER concur.