No. 13,474.

ROE *v.* HANINGTON ET AL.

(47 P. [2d] 403)

Decided June 17, 1935.   Rehearing denied July 15, 1935.

Mr. ROY O. SAMSON, for plaintiff in error.

Mr. S. ARTHUR HENRY, for defendants in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff, Miriam E. Roe, who had been a teacher

in the public schools of the City and County of Denver continuously for about eight years, was, in June, 1933, summarily dismissed by the board of education of the school district of the city on the ground of incompetency. She had not theretofore been notified by the board of any dissatisfaction with her work. No charge in writing had ever been made or filed against her, no hearing of such charge, if any, or notice thereof given to her, and if any charge against her had been preferred she was not notified thereof or given an opportunity to defend against the same. Able briefs for both parties have been filed. Many Colorado cases and those of other states have been called to our attention supposed to bear upon the question presented for decision. Our own previous decisions, relating to the power of a school board thus summarily and without notice to dismiss a teacher, if now followed, make this action of the school board void and of no effect, unless justification therefor, as claimed by the school board, is to be found in the proviso of section 8445, C. L. 1921. That section and section 8444 are pertinent to our inquiry. Section 8444 reads: "Any teacher, who has heretofore been or shall hereafter be employed as a regularly elected teacher for three consecutive school years in any first class school district having 20,000 or more inhabitants [such as the Denver district is], and shall be re-elected after the passage of this act, shall without further election have stable and continuous tenure of his or her position during efficiency and good behavior." Plaintiff is within the purview of this section. The respondent school board, however, claims authority to dismiss petitioner under the proviso contained in section 8445, C. L. 1921, to which we have already referred, which reads, "That if the district superintendent of schools and the principal or other supervisor having supervision of a teacher shall recommend the dismissal of said teacher for cause not political or religious, the board of education may, by the vote of not less than two-thirds of its

entire membership, dismiss such teacher without such hearing.''

Assuming, but not deciding, that in certain circumstances the proviso would be potent, brief analysis shows the statute otherwise was not observed. To effectuate dismissal of a teacher holding as here, the section of the statute in which the proviso appears, requires three positive acts: (1) That charges in writing must be filed with the secretary of the board; (2) that the teacher shall have at least thirty days' notice of the charges; (3) that the board shall conduct a hearing on the charges at which the teacher and accuser shall be heard in person, and, if desired, with counsel. By no stretch of construction, as we conceive, may it be said that the proviso makes nugatory the requirements that charges shall be filed and the teacher have the required notice. The most that may be said of the proviso is that under certain conditions the board may not bother to conduct a hearing. Whether the board should conclude to act so, might well be influenced by the details of the charges and the explanations and representations which conceivably the teacher would interpose. And who shall say that the board here, thus preliminarily advised, would have denied a hearing on the merits? It is idle to think, as was the evident conception of the trial court, that the formal requirements of the statute apply only when one not connected with the school administration, some ''disgruntled parent,'' to use the learned judge's illustration, essays to make charges against a teacher. The language of the statute, and its history as well, indicates the clear purpose of the General Assembly to throw around a teacher of the years of service to the credit of plaintiff in error, certain safeguards. The tenure assurances of the legislation were not conceived to prevent assaults from private sources, for no power to hurt is lodged there, but to map out a course of procedure for a school board when addressing itself to charges, whencesoever emanating, against a teacher. Any other course makes wholly inoperative the letter and

116

spirit of the legislation. On the theory of the school board here, the tenure statute is of no avail. We cannot think the legislature intended to defeat its own purpose. On the subject of the rights of teachers we have written many opinions, and while only by analogy are they pertinent here, our general view is well expressed in *School District v. Shuck*, 49 Colo. 526, 113 Pac. 511, where we held that good cause shown means specific accusation, notice, evidence and opportunity to be heard in refutation of the charge.

The court erred. The writ of mandamus should have been sustained and the teacher reinstated. The judgment is reversed to that end.

MR. JUSTICE BOUCK and MR. JUSTICE HILLIARD not participating.