## No. 14,299.

RUGER *v.* KNIGHT ET AL., MEMBERS OF THE BOARD OF EDUCATION OF SCHOOL DISTRICT No. 1, DENVER.

(88 P. [2d] 118)

Decided March 6, 1939.

Mr. CHARLES E. HOLCOMB, Mr. SAMUEL WINOGRAD, for plaintiff in error.

Mr. S. ARTHUR HENRY, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court. They are hereinafter referred to as plaintiff and the board, respectively. One Threlkeld was superintendent of said school district and one Palmer assistant superintendent in charge of the elementary schools. They are hereinafter referred to by name.

Plaintiff, after having been a teacher in said district for over eighteen years, was discharged. She brought mandamus to compel reinstatement and demanded damages in the sum of $1,000. The answer to the amended alternative writ set up three defenses the first of which was a general demurrer. Plaintiff demurred to the answer for want of facts and that demurrer was overruled. At the close of her evidence the court, on motion for nonsuit, gave judgment against her. To review that judgment she prosecutes this writ. Of her twenty assignments the first four go to the ruling on the nonsuit and question the court's conclusion on the facts. The fifth goes to the overruling of plaintiff's demurrer, and

the seventh to the rejection of evidence. The others are admittedly waived. A brief statement is essential to a comprehension of these points and our disposition of them.

Early in June, 1935, Palmer requested plaintiff's resignation. On her refusal he advised her that the board had already decided upon her discharge and would so notify her within a few days. Such, on advice of counsel, had been the board's practice theretofore. That practice was condemned by this court in *Roe v. Hanington* (hereinafter referred to as the Roe case), 97 Colo. 113, 47 P. (2d) 403, decided June 17, 1935. On July 12, following (in attempted compliance with the ruling in the Roe case) Threlkeld filed with the board a complaint against plaintiff in which he charged that she was "inefficient, incompetent and unsatisfactory" in the maintenance of discipline, in class management, and in methods of teaching. July 22 she was served with a copy of that complaint and notice that a hearing would be had thereon August 22. At the time and place designated the hearing was had, evidence taken, the charges unanimously sustained, and plaintiff's pay stopped the following day. Whereupon she instituted this action.

Counsel for plaintiff contend that this case is governed by the Roe case and by *Cheyenne County High School District v. Graves* (hereinafter referred to as the Graves case), 87 Colo. 52, 284 Pac. 1026. The statute involved is section 239, chapter 146, '35 C. S. A., section 8445, C. L. 1921.

All the assignments under consideration rest primarily upon the contention that the hearing before the board, prima facie regular and in conformity to the statute, was in fact a mere sham, that the pleadings disclose and the evidence establishes, and would have done so overwhelmingly had offers of proof not been improperly rejected, that the board had an agreement with Threlkeld that, regardless of the facts, it would discharge any teacher in compliance with his recommendation; that it

did so in numerous other instances; and that plaintiff's discharge was clearly but a compliance with that pre-determination. It is argued that because the pleadings sufficiently disclose this attitude and action the demurrer should have been sustained; because the evidence admitted confirms it the motion for nonsuit should have been denied; and because the evidence offered bore directly upon these allegations it was improperly excluded. The only difficulty with all this is that it is entirely devoid of support in the record and rests solely upon inference and argument.

These contentions of plaintiff are clearly set forth in the amended alternative writ and are categorically and unequivocally denied by the board in its answer, hence the demurrer was correctly overruled.

Plaintiff's evidence, admitted, wholly fails to support her position. She called members of the board for cross examination under the statute and they testified that there was no such agreement with Threlkeld and that every case was disposed of on its merits. They say that the board gave no consideration to its attempt to discharge plaintiff prior to the decision in the Roe case, that the hearing was full, fair and impartial, and their decision based solely upon the evidence admitted. Hence, unless testimony was erroneously excluded, the motion for nonsuit was properly sustained.

The offers of proof rejected related to the cases of other teachers, disposed of prior to our decision in the Roe case, and wholly unconnected by the proof with the case of plaintiff. It clearly appears from the record that prior to the decision in the Roe case the board was acting on advice of counsel and believed its procedure to be within the law; but that after that decision it proceeded in good faith to comply with it. Its former errors in other cases, if such there were, are therefore wholly immaterial here, and the offers were properly rejected.

We find no support for plaintiff's position in the Graves case. There the teacher was discharged three

days after employment, on motion made and carried before the board, without charges, notice or hearing. The keys were taken from him and his successor elected and installed. More than a month later, in his absence, a pretended hearing was had. No other compliance with the law there appears and the trial court found the "charges," whatever they were, untrue. Here, except for the unanimous decision of the board, we know nothing of the truth or falsity of the charges. No evidence in support or refutation of them was taken before the court and no attempt was made to disclose the evidence which had been taken by the board. The presumption from the record is that the evidence adduced admitted of no conclusion other than the one which that body reached. It should be observed, as was noted by the trial court, that there is here no question of abuse of discretion. The bald contention is that no discretion was ever exercised. We think the court entirely correct in his conclusion that discretion was exercised and that with the result, unless gross abuse appears, the courts have nothing to do. It may be that in specific instances a teacher could more confidently expect exact justice if the facts were left to a court, but the law has lodged responsibility elsewhere and we must leave it where we find it.

The judgment is accordingly affirmed.

Mr. Chief Justice Hilliard and Mr. Justice Bakke concur.