No. 14,597.

School District No. 1 of Denver et al. *v.* Faker.

(105 P. [2d] 406)

Decided July 1, 1940. Rehearing denied September 16, 1940.

Mr. S. Arthur Henry, for plaintiffs in error.

Mr. John L. Zanoni, for defendant in error.

*En Banc.*

Mr. Justice Otto Bock delivered the opinion of the court.

THIS is a suit under the Declaratory Judgments Act to have determined whether, under the facts alleged, plaintiff, a school teacher, is entitled to a pension under sections 250-254, chapter 146, '35 C.S.A. Trial was to the court, upon the conclusion of which, judgment was entered for plaintiff. We shall hereinafter refer to plaintiffs in error as the district and to defendant in error as plaintiff. Plaintiff admits that the statement of facts as set out in the brief of the district are substantially correct; but the inferences to be derived therefrom and their legal effect are in dispute. Briefly, the facts are as follows:

November 14, 1934, and some time prior thereto, plaintiff possessed the qualifications which would have entitled her to a pension. On that date she was dismissed by the district, which followed the procedure later held to be invalid in the case of *Roe v. Hanington,* 97 Colo. 113, 47 P. (2d) 403, decided June 17, 1935. Plaintiff objected to her dismissal as being unlawful, but in December, 1934, she applied for retirement from active service and for the benefits of the teachers' retirement fund, which the district granted, effective as of November 19, 1934, at the current rate of $45 per month. Shortly after January 1, 1935, the district deposited the sum of $63 to plaintiff's account, which represented her pension from November 19, 1934, to December 31, 1934, inclusive. Thereafter, on advice of counsel, she refused to accept further benefits from the retirement fund, and in February, 1935, she filed a mandamus action against the district, wherein she alleged that her dismissal in November, 1934, was void and of no effect, and demanded her reinstatement as a teacher and payment for her services as such. Since the Roe case then was pending in this court, it was stipulated that the decisive legal issues in plaintiff's mandamus action, being the same, should be controlled by the ruling in that case, and that her suit should remain dormant until the final ruling therein. That decision had the effect of reinstat-

ing her as an active teacher. Thereafter, in July, 1935, the superintendent of schools of the district filed charges against plaintiff, stating that she was incompetent, inefficient and unsatisfactory as a teacher, which resulted in her dismissal August 23, 1935. At the time of trial, relative to this dismissal, plaintiff's counsel stipulated in open court, "In regard to those proceedings, the plaintiff will concede for the purpose of this action and admit that the proceedings of the board complied with the law and were regular in all respects." Thereafter, October 14, 1935, plaintiff executed a "stipulation and agreement" and a "release," wherein she released the district "from any and all claims or demands which she may have or claim to have against said district to or for any pension by reason of her employment as a teacher by said district." Thereupon, by agreement of the parties, her mandamus suit was dismissed with prejudice. March 20, 1936, this action was filed, in which plaintiff asked the court to establish her status as a regularly retired teacher, entitled to a pension from January 1, 1935, to the present, and offering to return the sum of money paid to her at the time she signed the release. The trial court sustained her contentions, and the district brings the case here on writ of error, seeking reversal of the judgment.

The district, in its assignments of error, challenges the finding of the trial court to the effect that the release of the pension claims by plaintiff, under the facts, was void, and that its acceptance by members of the district board was "grossly in excess of their power and authority."

That the law favors compromises and settlements of disputed claims is generally recognized. *West v. Wegeforth,* 79 Colo. 444, 246 Pac. 204. Section 73, chapter 146, '35 C.S.A., provides: "Each regularly organized school district heretofore formed, or that may be formed, as provided in this law, is hereby declared to be a body corporate, by the name and style of 'School District No.

_____, in the county of _____ and state of Colorado,' and in that name may hold property and be a party to suits and contracts, *the same as municipal corporations in this state.*" (Italics ours.)

 In this state municipal corporations "may sue or be sued." '35 C.S.A., c. 163, §8; *People ex rel. v. County Commissioners,* 12 Colo. 89, 90, 19 Pac. 892; *City of Goldfield v. MacDonald,* 52 Colo. 143, 148, 119 Pac. 1069. As such corporations have the power to sue and may be sued, they also have the power to compromise actions and claims against them by necessary implication. 19 R.L.C., p. 775, §80; 44 C.J., p. 1459, §4662. Article XX, section 7, Colorado Constitution, under which the district here involved was created, states: "* * * Its conduct, affairs and business shall be in the hands of a Board of Education * * *." This further supports the power of the district to compromise and settle claims. In addition thereto, section 250, supra, provides that the teachers' retirement pension fund "shall be controlled" by the district. Control of the funds involves their protection as well as their possession. Unless that is so, it hardly can be said that the district controls the funds. The district had the power to compromise and settle the mandamus case and accept the release in question. No authority is cited in which courts have voided such a release on the ground that there was no authority in one of the contracting parties. Moreover, the alleged statutory right of plaintiff to a pension under section 250, supra, may be waived or released by her. *Bell v. Town of Sullivan,* 158 Ind. 199, 63 N.E. 209; *Pierce v. Somerset Railway,* 171 U.S. 641, 19 Sup. Ct. 64, 43 L. Ed. 316, 319; *Shepard v. Barron,* 194 U.S. 553, 24 Sup. Ct. 737, 48 L. Ed. 1115, 1120; 27 R.C.L. 906, §3. The adequacy of the consideration is conceded, and there is no claim of mistake, fraud or duress. That it was not a liquidated and undisputed claim clearly appears from the stipulation and the agreement for the dismissal of the mandamus action, and from other facts. True, plain-

tiff indicated that she did not have the proper legal advice when she entered into this stipulation for the dismissal of the suit. While this is to be regretted, it cannot control our judgment, at least in a civil action. Counsel did advise her correctly on the invalidity of her dismissal as an active teacher. Moreover, there is a possibility that the advice given in the execution of the release also was sound. We conclude that the district had power and authority to enter into the stipulation and agreement to compromise and settle all the claims against it, including the question of pensions, and the due execution of the agreement constituted a complete bar to the instant case. Under these circumstances, it becomes unnecessary to determine what effect the receipt by plaintiff of a pension in November, 1934, had on the proceedings, or of her subsequent repudiation of the same. Counsel for the district urges persuasively that the school board may in its discretion, if not exercised arbitrarily or capriciously, deny a pension under sections 250-254, supra; but in view of our conclusions, we deem it unnecessary to decide that and other questions raised in the briefs.

The judgment is reversed and the case remanded, with directions to dismiss the complaint.