No. 15,484.

FAHL v. SCHOOL DISTRICT No. 1 IN THE CITY AND COUNTY OF DENVER.
(180 P. [2d] 532)

Decided April 21, 1947. Rehearing denied May 12, 1947.

Mr. Herbert M. Monroe, for plaintiff in error.

Mr. S. Arthur Henry, for defendant in error.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

These parties appear here in the same order as below and are hereinafter referred to as Fahl and the district, respectively. Fahl was a schoolteacher for the district. Having been discharged from that employment, wrongfully as he says, he brought this action for back salary in the sum of $3233.33. The district, asserting that Fahl's discharge was in every respect regular and lawful, denied all indebtedness. By stipulation of counsel a jury was waived and the cause submitted to the court on the pleadings and a complete transcript of the proceedings before the board resulting in the discharge. Findings and judgment were for the district and against Fahl for costs. To review that judgment he prosecutes this writ, specifying as error: 1. The insufficiency of the charges;

2. That they were neither filed nor served as provided by statute; 3. That improper evidence to his prejudice was admitted and considered by the board.

The original charges against Fahl were filed with the board May 1, by Green, school superintendent, and alleged that Fahl was "inefficient, incompetent and unsatisfactory as a teacher." Hearing thereon was finally set for June 19. May 2, Fahl was served. June 10, he wrote Green that the charges were "too general and vague" and requested that "twenty-four hours before the time of the said hearing I be furnished with specifications giving in detail the alleged facts upon which these charges are based." June 15, Green wrote him that the facts consisted of poor discipline, bad judgment, disregard of corrections, instability resulting in lack of confidence of teachers and pupils, intemperate verbal attacks on certain racial groups, failure to care for materials, and substitution of extreme and erroneous personal ideas in regard to health for adopted and required standards. On the same day a copy of that communication was delivered to his attorney. June 19, Fahl was present with his attorney and, the board having refused his request for a further continuance, announced his determination not to participate in the hearing. However, he and his counsel remained throughout, and at the close of the evidence he again demanded a continuance for ten days, which demand was refused. The unanimous decision of the board was that the evidence supported the charges and that Fahl be dismissed as of June 20. He was in fact paid up to August 31. Such, in brief, is the record upon which Fahl relied in his complaint, plus a detailed statement of the substance of the evidence which he contends was wrongfully admitted because hearsay. Prior to the hearing Fahl and his counsel, at various conferences held, were fully advised of all the facts on which the charges were based and the evidence that would be produced in support thereof and given free access to all the records and files of the board relat-

ing thereto. It is not denied that some hearsay evidence may have been admitted by the board, but it is contended, and the court so found, that there was ample competent and undisputed evidence to support the charges. It was also stipulated that the reasons for his dismissal were not political or religious and that his demand upon Green was that the specifications be furnished twenty-four hours before the hearing.

■ 1. The applicable statutes are sections 219, 238 and 239 of chapter 146, '35 C.S.A. These provide for a charge in writing, signed by the complainant, filed with the board, and thirty days notice to the teacher of the hearing; that at the hearing only oral testimony, given under oath, shall be received; but that, in case the superintendent of the schools shall (as was the case here) demand the dismissal of the teacher, the board by a two-thirds vote, may dismiss without a hearing, provided "a statement in writing of the cause of such dismissal" be served on the teacher by the secretary of the district. Here the announcement of the final action of the board contained a statement of the cause and was served as provided by statute.

■ We pass over the authority of the board to dismiss without a hearing because it elected to otherwise proceed. We find no defect in the charges. As originally filed they were of questionable brevity; but supplemented by the additional communication of Green, to whom Fahl addressed his request therefor, the unquestioned conferences at which full disclosures were made, and the opportunity given before the hearing to inspect the records and files of the board, we think it impossible that Fahl could have been prejudiced in the slightest degree by want of additional specifications. *School District v. Shuck,* 49 Colo. 526, 113 Pac. 511; *Roe v. Hanington et al.,* 97 Colo. 113, 47 P. (2d) 403; *School District v. Faker,* 106 Colo. 356, 105 P. (2d) 406; *Ruger v. Knight et al.,* 104 Colo. 33, 88 P. (2d) 118.

It is quite apparent that, the nature of the charges considered, the minute factual details apparently expected by Fahl could not well have been given without pleading evidence, and even so would have added nothing of service to him beyond the information of which he was already possessed.

2. The contention of defective filing and service rests upon the erroneous assumption that the original charge was void and a hearing was had on the so-called "elaborated charge" as contained in the communication of Green. Even under the formal procedure in courts of record simple amendment of a pleading does not restore a party to his original time. Green's letter amounted to nothing beyond a more specific statement and gave Fahl no right to insist upon a new filing and a new notice. But even assuming the correctness of his contention he waived the point by his specific demand for the required information "twenty-four hours before the time of the said hearing."

3. All testimony given at the hearing was oral and under oath. Reference was repeatedly made by the witnesses to the complaints which had brought to the attention of school authorities the shortcomings of Fahl as a teacher. Such references are practically unavoidable in such a hearing on such charges. The fact remains that aside from these the wholly competent and undisputed evidence overwhelmingly established the charges and made Fahl's dismissal imperative. Moreover, Fahl had demanded the attendance of twelve witnesses of whom all, save two who were ill, were in attendance and testified. Most of them gave evidence against him and at least four of them gave evidence of the character to which he here objects.

Finding no reversible error in the record the judgment is affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE ALTER concur.