502 P.2d 1131 (1972)
Edna DUGAN, Plaintiff-Appellant,
v.
Henry BOLLMAN et al., Defendants-Appellees.
No. 70-622.
Colorado Court of Appeals, Div. II.
August 29, 1972.
Rehearing Denied October 11, 1972.
Certiorari Denied December 4, 1972.
F. E. Dickerson, John T. Dugan, Denver, for plaintiff-appellant.
Edward B. Towey, Morgan Smith, Denver, for defendants-appellees.
Selected for Official Publication.
*1132 PIERCE, Judge.
This dispute arose out of the termination of employment of Edna Dugan, a tenured teacher in School District No. 12, Adams County, Colorado. The school board, effective August 18, 1969, terminated Miss Dugan's employment in the school district. Pursuant to 1967 Perm.Supp., C.R.S.1963, XXX-XX-XX(11), she petitioned to the district court to reverse this determination. The district court upheld the dismissal. Miss Dugan now brings this appeal.
Miss Dugan contends, in part, that there was no compliance with statutory proceedings. 1967 Perm.Supp., C.R.S.1963, XXX-XX-XX. Reference hereafter will be only to the subsection number of that statute.

I.
Miss Dugan claims that the school board was precluded from terminating her employment since it initiated an action which was subsequently abandoned as not being in compliance with the statutes. Specifically, on April 10, 1969, the school board commenced dismissal proceedings, pursuant to the Teacher Tenure Act, as provided prior to the 1967 amendments thereto. This action was dismissed by agreement of the parties.
Her claim is essentially that the school board dismissed her on April 10, and, that, since this would have been without compliance to the proper procedures as provided in the 1967 amendments, it could not thereafter initiate new proceedings. We reject this contention.
The Colorado Supreme Court has previously held an error in proceedings which results in those proceedings being a nullity does not preclude or taint subsequent proceedings arising out of the same factual situation. Snider v. Kit Carson School District, 166 Colo. 180, 442 P.2d 429. The dismissal of the original proceedings was not res judicata to the later action by the board.

II.
Miss Dugan also contends that the school board did not comply with the statutory scheme for dismissing a tenured teacher. We disagree.
On May 19, 1969, the school board met in an executive session and, on the formal recommendation of its chief executive officer that Miss Dugan's employment be terminated, initiated new proceedings against her. At that meeting, formal charges were accepted for review in the manner prescribed by 123-18-17(2).
On May 22, 1969, Miss Dugan received a copy of the charges against her and a copy of the applicable statutes. See XXX-XX-XX(3). A panel was appointed, pursuant to XXX-XX-XX(5), to hear the charges. On June 6, 1969, hearings commenced and the unanimous findings of the panel, issued on August 6, 1969, recommended that she be discharged. See XXX-XX-XX(8) (a). As mentioned above, the board, after reviewing the panel's findings (XXX-XX-XX(10)), subsequently adopted these findings and terminated Miss Dugan's employment.
Miss Dugan argues that all statutory requirements were not met.
Specifically, she complains that the school board committed a procedural error when it accepted the charges against her for review in an executive session on May 19, 1969. She cites 1965 Perm.Supp., C.R. S.1963, 123-30-8(5), which states, in pertinent part,
"All regular and special meetings of the board shall be open to the public,. . . . At any regular or special meeting the board may proceed in executive session, at which only those persons invited by the board may be present, but no final policy decisions shall be made by the board while in executive session."
It is Miss Dugan's contention that, because the meeting on May 19, 1969, was not a public meeting, acceptance of the charges was erroneous. However, the mere acceptance of charges for review was not a "policy" decision. See Lockheed Aircraft *1133 Corp. v. Superior Court, 153 P.2d 966 (Cal.Ct.App.). Rather, it set in motion the procedure leading to the eventual policy decision on August 18, 1969, when, pursuant to the findings of the panel, the decision to terminate Miss Dugan's employment was actually made. The August 18th meeting was a public meeting, conducted fully under the requirements of the statute. We find no error in not having a public meeting when the charges were accepted.
Miss Dugan argues that her situation is the same as that set forth in Robb v. School District RE 50(J), 28 Colo.App. 453, 475 P.2d 30. That case is distinguishable. It concerned the interpretations of the provisions of C.R.S.1963, 123-18-5, regarding transfers. There, a conclusive policy decision was made by the board determining that the plaintiff was unsatisfactory in his position as a principal, and there was no indication that any vote was taken by the board, as the statute requires, to "deem" the plaintiff as unsatisfactory.

III.
Miss Dugan then contends that the school board's charges did not adequately set forth the nature of the evidence to be presented against her, and that her motion for a bill of particulars and to make more specific should have been granted. She was notified of the charges against her on May 22, 1969. They were as follows:
"(a) Ineffective and inadequate teaching of her students.
(b) Ineffective and inadequate maintenance of discipline.
(c) Continued use of inadequate and ineffective teaching aids and materials.
(d) Failure to grade students accurately.
(e) Failure to maintain a proper relationship with parents and to counsel the parents toward improved performance by their children.
(f) Failure to use new and improved teaching methods and materials.
(g) Failure to accept and adhere to recommendation by her superiors and counselors, aimed at improving her performance."
It is apparent from a review of the record that both Miss Dugan and her counsel were well aware of the meaning of these charges, and that an adequate defense was presented in her behalf through several witnesses who attempted to rebut the charges.
There is no indication that Miss Dugan was prejudiced by the absence of additional specifications. The fact situation here is closely analogous to that in Fahl v. School District No. 1, 116 Colo. 277, 180 P.2d 532, where the court stated:
"It is quite apparent that, the nature of the charges considered, the minute factual details apparently expected by Fahl could not well have been given without pleading evidence, and even so would have added nothing of service to him beyond the information of which he was already possessed."
Accordingly, we hold that the charges were adequate to put Miss Dugan on notice of the evidence to be presented against her.

IV.
Miss Dugan further claims that the school board did not properly review the findings of the panel in arriving at its decision to discharge her. The statute provides that the board shall "review the panel's findings of fact and recommendation and it shall enter its written order." XXX-XX-XX(10). It has been held by this Court that the school board must consider the findings, rather than just the conclusions, of the appointed panel, for the statutory authority to dismiss a teacher rests exclusively with the board by statute. A board's failure to consider the findings would be an unlawful delegation of its power to the panel. School District No. Fifty v. Witthaus, Colo.App., 490 P.2d 315. But, here, there has been no such delegation.
*1134 The panel, in its report to the board, made extensive and detailed findings that specified and condensed the four days of testimony. These findings were explicit and solidly based on substantial evidence as shown by the record. The members of the school board were thoroughly familiar with the findings, as well as the conclusions, of the panel before making their decision at an open meeting. Under these circumstances, the fact that they did not go beyond the panel's findings and personally read the entire transcript of the proceedings before the panel is not error.
The school board had before it sufficient information from the report of the panel to make an independent evaluation before adopting a course of action. No abuse of discretion has been shown in its concurrence with the panel's recommendation. Therefore, the power of dismissal granted in XXX-XX-XX(1) was not delegated by the board.

V.
We have reviewed the other allegations of error made by Miss Dugan and find them to be without merit. The school board complied with the procedural safeguards outlined in 1967 Perm.Supp., C.R. S.1963, XXX-XX-XX and 1965 Perm.Supp., C. R.S.1963, 123-30-8(5).
Judgment affirmed.
COYTE and ENOCH, JJ., concur.

APPENDIX
1967 Perm.Supp., C.R.S.1963, XXX-XX-XX.
"Dismissal  procedure  judicial review
(1) A tenure teacher shall be dismissed in the manner prescribed by this section.
(2) Upon written recommendation by the chief executive officer of the district or any member of the board, charges against any teacher may be filed with the board of the school district employing the teacher. At its next regular meeting, the board shall either reject the charges or accept the charges for review in the manner prescribed by this section.
(3) If the board accepts the charges for review, then the secretary of the board shall, within seven days, give written notice to the teacher that charges have been filed against said teacher, attaching thereto a copy of said charges and a copy of this article, and stating that a hearing thereon may be held before a panel of three persons, naming the panel member selected by the board of education. The notice and copy of the charges shall be sent by certified mail to said teacher at his address last known to the secretary. The notice shall advise the teacher of his rights and the procedures under this section. Such teacher shall be entitled to such a hearing before the panel if he files with said secretary a written request therefor within seven days after the date of receipt of the notice. Failure of said teacher to file such written request within said time shall be deemed a waiver of his right to a hearing. If no hearing is requested, disposition of the charges shall be made at the next regular or special meeting of the board of education. The written request of the teacher shall designate one member of the hearing panel.
(4) If the teacher shall fail or neglect to request a hearing within the time specified, the board of education may at any time prior to the entry of its order, permit the holding of a hearing if, in its discretion, it determines that the failure or neglect to request a hearing by the teacher was due to excusable oversight or the inability of the teacher to file the request within the specified time.
(5) If a hearing shall be requested by the teacher, or permitted by the board of education as provided in subsection (4) of this section, it shall be conducted before a panel, the members of which shall be residents of Colorado and selected as follows: The teacher shall select one member as provided in subsection (3) of this section, the board of education shall select one member as provided in subsection (3) of this section, and the two persons selected shall, within ten days after the filing of the request, meet and choose a third member, *1135 who shall be the chairman and who shall preside at the hearing. No school director or employee of the school district shall be selected as a member of a panel. The chairman shall forthwith give the teacher at least seven days' written notice of the hearing, including the place and time therefor, but in no event shall such hearing be held later than twenty-five days after the selection of the third panel member.
(6) The chairman of the panel may receive or reject evidence and testimony, administer oaths and, if necessary, subpoena witnesses. All testimony shall be given under oath. The chairman may order a continuance subject to subsection (5) of this section, and do all other acts normally performed by an administrative hearing officer. The hearings shall be open to the public unless either the teacher or the board requests a private hearing before the panel, but no findings of fact or recommendations shall be adopted by the panel in any private hearing.
(7) At any hearing, the teacher shall have the right to appear in person with or without counsel; he shall have the right to be heard and to present testimony of witnesses and all evidence bearing upon the reasons for his proposed dismissal; and he shall have the right to cross-examine witnesses. All district records pertaining to the teacher shall be made available for the use of the panel and/or the teacher.
(8) (a) A record and transcript shall be made of all evidence and testimony received by the panel. The panel shall review the evidence and testimony and make written findings of fact thereon. The panel shall make one of the two following recommendations: The teacher be dismissed, or the teacher be retained. The findings of fact and recommendations shall be adopted by the panel in open session not later than thirty days after the selection of the third panel member. The chairman shall forthwith forward to said teacher and to the secretary of the employing board of education a copy of the findings of fact and a copy of the recommendations of the panel.
(b) The costs for the recording of evidence shall be paid by the school district.
(9) The secretary of the board shall, immediately upon receiving the report of the panel, notify the teacher of the time and place of the meeting of the board of education at which the findings of fact and recommendations of the panel will be considered.
(10) The board of education shall review the panel's findings of fact and recommendation and it shall enter its written order within thirty days after the date of the panel's findings and recommendations. The board shall take one of the three following actions: The teacher be dismissed; the teacher be retained; or the teacher be placed on a one-year probation. The secretary of the board of education shall cause a copy of said order to be given immediately to the teacher and a copy to be entered into the teacher's local file.
(11) Within sixty days after the date of the order of the board of education, the teacher may file an action for review in the district court of the judicial district in which the administrative office of the employing school district is located, pursuant to section 3-16-5, C.R.S.1963, in which action the board of education of the employing school district shall be made the party defendant.
(12) If the board orders the dismissal of the teacher, the teacher's compensation shall be suspended as of the date of such dismissal, but in no event earlier than the date of the order."