Dear Superintendent Fisher,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
"Does a local school board have the authority to enter into acompromise or settlement, in a lawsuit pending against it in DistrictCourt?"
It is a well settled principle that the law favors compromises and settlements. As for an independent school district having the power to settle a claim against it, 70 O.S. 5-105 (1971) relates that every school district shall be a body corporate . . . which "may sue and be sued".
The Colorado Supreme Court, in dealing with a statute essentially the same as Oklahoma's interpreted their statute as providing that each school district, as a corporate body, has the power to sue and be sued and therefore would also have the power to compromise claims against it. School Dist. No. 1 v. Faker, Colo., 105 P.2d 406 (1940)
The Oklahoma law, by giving the school districts the power to sue and be sued, would therefore logically permit the school district to enter into compromises or settlements.
While we recognize the school districts power to compromise or settle a claim against it, we do not address the means by which the compromise or settlement will be implemented. Such implementation is governed by various other statutes.
It is, therefore, the opinion of the Attorney General that a localschool board has the authority to enter into a compromise or settlementin a lawsuit pending against it.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
KAY HARLEY JACOBS, ASSISTANT ATTORNEY GENERAL